LITTLE
ROCK,
July, 1838.

JARRETT
vs.
WILSON.

JARRETT, ADM'R OF ACHESON, *against* WILSON, ADM'R OF WILSON.

ERROR *to Lawrence Circuit Court.*

If the defendant pleads, after demurrer to the declaration overruled, he can take no advantage in this Court of insufficiency of the declaration. He should let judgment go upon the demurrer, and appeal.

Upon issue on replication that there are goods unadministered, to the plea of *plene administravit,* the verdict ought to find the amount of assets unadministered, and if it do not, the judgment is bad.

And if in such case the judgment be that " the plaintiff recover of the defend-" ant his debt and damages, &c., to be levied of the goods, &c. of his intes-" tate, if any he hath unadministered, and if none, of his own proper goods, " &c.," it is equally bad, whether one part of the judgment might be reversed and the other affirmed, or not.

If one part could be affirmed and the other reversed, still the situation of the plaintiff in error would not be bettered. His own property would still be liable, if he has no assets unadministered.

The statute of the State curing informality, &c., does not extend to a case like the present.

This was an action of debt, commenced in the Lawrence Circuit Court, by *Marcus Wilson* against *Jarrett,* administrator of John Acheson, deceased, upon a writing obligatory, executed by Acheson in his lifetime, whereby he acknowledged that Wilson had advanced and become liable for him, Acheson, to the amount of $6676 70. At May Term, 1835, of the Court below, the defendant below craved oyer of the writing obligatory, and demurred to the declaration, which demurrer was overruled, and the defendant below then filed his plea of *plene administravit,* except as to the sum of $240 92, to which plea the plaintiff below demurred, and his demurrer being overruled, he filed his replication, that the defendant had in his hands at the commencement of the suit, goods and chattels of his intestate unadministered, to the amount of the debt—concluding to the country, to which the defendant below joined issue, and thereupon the following judgment was rendered—that the defendant having failed to produce evidence to sustain his plea, and saying nothing further in bar or preclusion, &c., and there being sufficient evidence of the plaintiff's demand, " it is therefore considered by the Court that the said plaintiff have and recover of the said defendant the sum of $6676 70, debt, and $1068 23, damages, and costs of suit, to be levied of the goods and chattels which were of the said John Acheson at the time of his death, in the hands of the said administrator, defendant as aforesaid, remaining to be administered upon; if so much thereof in his hands to be ad-

LITTLE ROCK, July, 1838.

JARRETT vs. WILSON.

ministered he hath not, then to be levied on the proper goods and chattels of said defendant."

The errors assigned were, 1st, That the declaration was uncertain and insufficient: 2d, The overruling of the demurrer: 3d, That the Court rendered judgment without impannelling a jury, or having the case submitted to the Court: and 4th, The form of the judgment as against the proper goods and chattels of the administrator.

RINGO, *Chief Justice*, and DICKINSON, *Judge*, having been engaged in the case, did not sit therein, and it came on to be tried before LACY, *Judge*, CAUSIN and HAGGARD, *Special Judges*, in the name of *Jarrett, adm'r.*, against *Alexander Wilson, adm'r. of Marcus Wilson*, the oiginal plaintiff below.

HALL, for the plaintiff in error, contended that the demurrer to the declaration was wrongly overruled, and that there was error in the judgment below.

TRAPNALL and COCKE, *contra:* Various objections are taken to the declaration, the sufficiency of which cannot certainly at this stage of the cause be put in question. But the objections themselves are without form or propriety. See Statute of Jeofail, *McCampbell's Digest*, 332. Demurrer overruled or withdrawn precludes the defendant from going back to the judgment.

The plaintiff contends there is no order on the record, referring the decision of the case to the Court. The Court could not have decided upon the case without the consent of the parties, and after judgment the legal presumption is conclusive that it was by virtue of that consent that the Court acted. Every thing will be presumed in favor of the judgment below, which is not contradicted by the record, is a principle too well settled and too frequently referred to before the Court to need a reference now.

The judgment against the administrator *de bonis intestati*, is undoubtedly good. The residue of the judgment may be erroneous. If it is, as the two judgments are separate and not dependant on each other, so much of the judgment of the Court below as is *de bonis propriis* may be reversed, and the judgment *de bonis intestati* be affirmed. *Tidd's Practice*, 1128, 1129; 4 *Burrows*, 2018; 2 *Bacon* 228–29. A judgment for debt and damages may be reversed as to the damages and affirmed as to the debt. *Tidd*, 1128–9.

CAUSIN, *Special Judge*, delivered the opinion of the Court: This

cause comes before the Court upon a writ of error, sued out by the plaintiff in error, against the intestate of defendant in error, to the Lawrence Circuit Court.

The intestate of the defendant in error brought an action of debt in the Court below against the plaintiff in error in an instrument of writing, signed and sealed by John Acheson, the plaintiff's intestate, by which the intestate acknowledges his indebtedness to the defendant's intestate in the sum of three thousand and seventy-seven dollars, and the liability of the defendant's intestate for him to pay certain debts to sundry persons, amounting to the sum of three thousand two hundred and ninety-nine dollars and seventy cents, the two sums making the aggregate amount of six thousand six hundred and seventy-six dollars and seventy cents. To the declaration filed the defendant in the Court below demurred, but the Court overruled the demurrer; he then pleaded that the action was prematurely brought, but withdrew this plea pleaded *plene administravit, praeter* two hundred and forty-two dollars and ninety-two cents, to which plea the plaintiff in the Court below demurred: the Court however overruled the demurrer, and he then filed his replication, in which he alleges that the plaintiff in error at the commencement of this suit, and ever since, had divers goods and chattels which were of his intestate at the time of his death, in his hands as administrator, to be administered, of great value, to wit: of the value of the debt set forth in the declaration, and wherewith as administrator he could and ought to have satisfied the debt in the declaration mentioned; on this replication issue was joined. Under this state of pleading, the Court below (for it appears that no verdict was rendered by a jury) entered up judgment *de bonis intestati et si non de bonis propriis* against the plaintiff for the debt, and one thousand and sixty-eight dollars and twenty-three cents damages and costs. The errors assigned may be resolved into two: First, that the declaration is insufficient: Second, that the judgment given in the Court below is erroneous and illegal.

The first objection the Court considers untenable; admitting the insufficiency of the declaration, there being a cause of action apparent on the face of it, no such objection can be successfully urged before this tribunal. The proper time for making the objection has passed. The plaintiff, if he relied on the insufficiency of the declaration, should have appealed from the judgment of the Court, on the demurrer to the same. On this point, the authorities are too conclusive to admit of a

LITTLE
ROCK,
July, 1838.

JARRETT
*vs.*
WILSON.

doubt. See *2d Marshall's Reports,* 142, 254, 436; 3 *Bibb,* 52; *Comyn's Digest,* 6 v. 262; *Story's Pleadings,* 71.

It has been contended by the counsel for the defendant that the objection against the judgment should not be sustained, because the judgment consists of distinct and independent parts, and that portion operating unjustly against the plaintiff's own property may well be reversed, and the remaining part affecting him in his representative character of administrator affirmed: but in the view of the Court, whether the judgment consists of distinct and independent parts, so that one part might be reversed and the other affirmed, or the same is incapable of separation is a matter perfectly immaterial, as the omission to state in the judgment the amount of assets unadministered vitiates the whole of it. The plea of *plene administravit,* though not sustained, is not necessarily a false plea within the knowledge of the party pleading it; and if it be found against him, the verdict ought to find the amount of assets unadministered, and he is liable for that sum only. *Siglar* vs. *Haywood,* 8th *Wheaton,* 675.

Suppose one part of the judgment were reversed and the other affirmed, would it better the situation of the plaintiff in error? Not in the least; for even then the plaintiff's own property (upon the supposition that he has no assets to be administered,) would be exposed to the payment of the debt. Whether the plaintiff has assets unadministered or not, it is impracticable for this Court to determine. From the record *non constat* he has one cent; if the consequence suggested would result from carrying into effect either part of the judgment, (and that it would seems too clear to be denied), a reversal of it is absolutely required. The act of the Legislature in regard to informality in pleading, relied upon in argument by the defendant's counsel, the Court cannot consider applicable to the case presented by the record.

The judgment is therefore reversed, the case remanded for a new trial, and costs in this Court awarded to the plaintiff in error.

NATHAN HAGGARD, one of the Judges in this cause, dissents from the opinion of the Court herein delivered at this time, so far as the first assignment of errors is decided upon. It is not deemed necessary or important to decide on said assignment, because such decision would not vary the result of the case. And inasmuch as there was no withdrawal of the demurrer to the declaration prior to the plea to the merits being interposed, the reasons upon which that part of the opinion of the Court is predicated, have no force here. Therefore a non-con-

currence on that point with that opinion is here stated, and said dissent ordered to be entered with the opinion delivered in this case.

<div style="text-align: center">

G. N. CAUSIN,

NATHAN HAGGARD,

THOS. J. LACY.