ORMSBY AND ABRAHAM HITE *against* FRANCIS C. KENDALL.

ERROR *to Pulaski Circuit Court.*

A motion to dismiss for want of a bond for costs is waived by pleading over.

If a person undertakes to contract as an agent for an individual or a corporation, and contracts in a manner which is not legally binding upon his principal, he is personally responsible.

The agent, when sued upon a contract, can only exonerate himself from responsibility by showing his authority to bind those for whom he is undertaking to act.

Consequently, where a note is given in the words " the steamer Tecumseh and owners promise to pay, &c.," signed " F. C. Kendall," the person who signs the note is responsible, unless he shows that he had authority to contract for the steamer and owners.

This was an action of assumpsit founded upon a writing in the following words:

" Ninety days after date Steamer Tecumseh and owners promise to pay M. & H. Devinney, or order, the sum of two hundred and seventy-six $\frac{50}{100}$ dollars for value received.          F. C. KENDALL."

Endorsed, " pay Ormsby Hite & Co., Sept. 3, 1837."

M. & H. DEVINNEY."

The declaration contained two counts.   The first charged that the defendant describing himself as the " Steamer Tecumseh and owners," promised to pay, &c.   The second stated that he promised that the Steamer Tecumseh and owners, &c., would pay; and that Steamer Tecumseh and owners did not, of which the defendant had due notice, and therefore he promised, &c.   The defendant first moved the court to dismiss the suit for want of bond for costs, upon the ground that the plaintiffs were non-residents, which motion was overruled; and he thereupon pleaded non-assumpsit, and went to trial.   Upon the trial, the only evidence offered was the note and endorsement, the hand writing of Kendall being first proven, whereupon, the court instructed the jury to find as in a case of a non-suit, and they found accordingly for the defendant.   Two questions were presented by the record.   1st. Can the defendants take any advantage by their motion to dismiss the case for want of a bond for the costs being first filed

Ormsby and Abraham Hite *against* Francis C. Kendall.

in the suit, after having pleaded over to the action; and secondly, what is the legal effect of the instrument declared on.

Pike, for plaintiff in error:

Two questions only are presented by the record: First, what advantage can the defendant now have of his motion to dismiss for want of a bond for costs? and second, what is the legal effect of the instrument declared on, and what are the legal liabilities of Kendall arising upon the face of it?

First, then, as to the bond for costs: We contend that it was in every way sufficient, and that it complied in substance and effect with the requisitions of the statute. It is true that the first section of chap. xxxiv of the Revised Statutes provides that the plaintiff shall file the obligation of some responsible person, being a resident of this State, by which he shall acknowledge himself bound to pay all costs which may accrue in such action, and the 33d section provides that where there is a security for costs, judgment shall be entered against him on motion, for all costs for which he may be liable.

The security, therefore, is to acknowledge himself bound to pay all costs. How is this to be done? Must his obligation simply be, " I, A. B., acknowledge myself bound to pay all costs," or must he, as has been elsewhere contended, execute a bond in a sum certain, conditioned that he himself will pay all costs? Does he not become equally *bound to pay the costs*, when he gives his bond conditioned that the plaintiff will pay them or cause them to be paid? Is not this acknowledging himself bound to pay the costs? Certainly the security, by such a bond, *becomes* bound to pay them; and if so, it can only by *acknowledging* himself bound to pay them. Does not the bond in this case state that the security is bound to pay the costs, if the plaintiff does not do so? Undoubtedly—and creates a liability which he cannot escape.

The whole object of a bond for costs is to secure to the officers of the court in their fees. If this object is effected by the bond in the present case, the statute is complied with—for, as this court said in *Hughes vs. Martin*, 1 *Ark.* 386, " the parties in civil proceedings are

Ormsby and Abraham Hite *against* Francis C. Kendall. ·

seldom, if ever, bound to adopt the precise language used in the statute.

We contend, therefore, that the bond was sufficient: and if it were not, the defendant waived the benefit of his motion to dismiss, by afterwards pleading to the action. It was a preliminary motion, in the nature of a plea to the jurisdiction—that the plaintiff had no right to sue; and the objection was cured by pleading in chief. If the defendant would have had advantage of it here, he should have rested upon it, and not afterwards appeared.

Let us examine then the effect of the instrument sued on, and the liability of Kendall on its face. And the court will remark that it does not contain a promise by Kendall that the Tecumseh and owners will pay—it contains no guarantee—but purports to be a direct promise from the Tecumseh and owners, and is signed by Kendall. What was his capacity does not appear upon the face of it, nor is it in evidence. It is not shown that he was part owner, captain, or agent for the owners—but the Tecumseh and owners promise to pay, and Kendall signs the note. Whose promise is there then upon the note? The owners of the Tecumseh do not sign it, nor is it signed by Kendall for them as agent or captain. No person, therefore, can be responsible upon it, if Kendall be not, and if he be reponsible, it is a direct and not a collateral responsibility, because it contains no guarantee.

' "It is a universal rule, that a man who puts his name to a bill of exchange, thereby makes himself personally liable, unless he states upon the face of the bill that he subscribes it *for another*, or by *procuration* of another, *which are the words of exclusion*. Unless he says plainly, "*I am the mere scribe*," he becomes liable. Per Lord ELLENBOROUGH, in *Leadbitter vs. Farrow*, 5 *M. & S.* 349. In that case Farrow had drawn a bill on certain bankers, by which they were requested to pay £50, which place to the account of the Durham bank, as advised: and it was signed *Christ'r Farrow*. Farrow was agent of the Durham bank, and yet he was held personally liable in an action on the bill. And BAYLEY, J. concurred with Lord ELLENBOROUGH, and said, " the drawer by the act of drawing, pledges his name to the

bill's being duly honored; and though the plaintiff in this case might know that the defendant was an agent, he might also know that he had given this pledge. ABBOTT and HOLROYD were of the same opinion, and the latter said that he apprehended that no action would lie on the bill except against those who were the parties to it.

So in *Thomas vs. Bishop*, 2 *Str*. 955, where a bill was directed to Bishop, Cashier of York Buildings Co., and he accepted it in his own name, without qualification, it was held that he was personally liable; and the principal reason assigned by the court was, that a bill of exchange was a contract, by the custom of merchants, and the whole of that contract must appear in writing. And the court said, "now here is nothing in writing to bind the Company, nor can any action be maintained against them upon the bill."

The words of an instrument are to be taken most strongly against the party using them. 1 *Leigh*, *N. P.* 361. And where the words were " I promise to pay on demand, &c.," and the instrument was addressed to the defendant, who wrote across it " *accepted*, J. B.," it was held by Lord LYNDHURST to be a promissory note, *as it contained a promise to pay, and the signature of the defendant adopted that promise. Leigh, ubi sup.; Block vs. Bell*, 1 *M.* and *Rob*. 149. So a note whereby a party promises to pay, *or cause* to be paid, is a promissory note, and may be declared on as such. *Leigh* 362; *Lovell vs. Hill*, 6 *C. & P*. 238.

The principle is perfectly well settled that if a person undertake to contract as agent for an individual or corporation, and contracts in a manner which is not legally binding upon his principal, *he is personally responsible. White vs. Skinner*, 13 *J. R.* 307; *Randal vs. Van Vechten*, 19 *J. R.* 60; *Taft vs. Brewster*, 9 *J. R.* 334; *Tippets vs. Walker*, 4 *Mass.* 595; *Mott vs. Hicks*, per SUTHERLAND, J., 1 *Cowen*, 536—and the agent, when sued upon such a contract, can exonerate himself from personal liability, only by showing his authority to bind those for whom he has undertaken to act. It is not for the plaintiff to show *that he had not authority*. The defendant must show, affimatively that he had. *Mott vs. Hicks, ub. sup*. In that case the note ran thus. " The President and Directors of the Woodstock Glass Com-

Ormsby and Abraham Hite *against* Francis C. Kendall.

pany promise to pay." Signed " *W. H. President.*" It was held that it was the act of the Corporation by the proper officer, and there-fore the Corporation was liable—but it was admitted, that, had the Corporation not been liable upon it, W. H. would have been liable. Undoubtedly, said Ch. J. Savage, *p.* 542, the defendant is personally liable on the note, unless the Company is liable. In this case, the owners of the Tecumseh are not liable on the note, for it was not made, nor does it purport to have been made, by any person author-ized to contract for them.

We have not been able to find any reported case, in which a note precisely like the one sued on here was in controversy. The only case which is any thing like it, is *Andover vs. Grafton*, 7 *N. H. Rep.* 298, where the note ran thus, " Value received, Town of Grafton promises to pay Town of Andover fifty dollars on demand, and interest.
            Lovell Kelton, *for the Select-men of Grafton.*"

It was held that the town was not reponsible on this note. But that case is not in point, because here it is not shown on the face of the note that Kendall was a different person from the owners of the Te-cumseh, or that he contracted in the name of the owners, or as their agent. The fact probably might have been that he was the master, but it neither appears on the record nor on the face of the note. The decisions upon the liabilities of agents do not apply, because the note does not show that Kendall was an agent. The decisions as to ship masters do not apply, for the same reason.

But it seems to us that where Kendall states in the note that the owners of the Tecumseh will pay, and signs his own name, as it does not appear on the face of the note, *either that he is not one of the own-ers*, or that he signs as agent for the owners, the legal presumption is that he is an owner, and then the note is of course his note. It might under some circumstances be the note of the other owners, and they too might be liable upon it, but at all events it his *his* note, and he can be sued upon it, and if he ought not to have been sued alone, that is a matter for him to plead. He has signed a note which contains a promise to pay, and it must of course be taken to be *his* promise to pay, unless he shows affirmatively that *it* is *not* his promise; and as that fact

Ormsby and Abraham Hite *against* Francis C. Kendall.

neither appears in the note, because it does not show that he was not an owner; nor was it proved at the trial, for he offered no proof, we can see no possible reason for the decision of the court below.

TRAPNALL & COCKE, *Contra*:

The plea of non assumpsit under oath, puts the plaintiff upon proof not only that the defendant executed the note, but that he was one of the owners of the steamer Tecumseh. For only the steamer Tecumseh and owners are bound by the note to pay. By the very terms of the note, it is the steamer Tecumseh and owners who make the promise to pay, and under the first count it would be necessary to entitle the plaintiffs to recover, to prove that Kendall not only signed the note, but that he also was one of the owners. The second count alleges that the said defendant promised that the steamer Tecumseh and owners would pay, &c. &c. The defendant insists that between this count and the note produced as evidence there is a material variance. The count averring that Kendall promised that the steamer Tecumseh and owners would pay, whereas the promise on the face of the note is a direct promise by the steamer Tecumseh and owners to pay and not the promise of Kendall that they would pay.

Inasmuch, therefore, as no evidence was adduced to identify Kendall with the steamer Tecumseh and owners in support of the first count, and no evidence that he promised that said steamer and owners would pay in support of the second count, the court very properly instructed the jury to find as in a case of a non suit.

DICKINSON, *Judge*, delivered the opinion of the court:

The first question has been so repeatedly ruled in this court, that we deem it unnecessary to add any thing further upon it; that where a party has made his motion to dismiss the cause, and after that is decided against him by the court, pleads over; he waives all advantage which he could have had upon his motion, and puts himself upon the issue formed. This brings us to the second and only remaining question to be determined. It was not shown in evidence that the defendant was part owner, captain, or agent of the steamer Tecumseh. The note

Ormsby and Abraham Hite *against* Francis C. Kendall.

simply is " that the steamer Tecumseh and owners promise to pay," and Kendall signs it. Whose promise is it? If the steamer and owners are bound by it, Kendall surely is not, and if Kendall be personally liable, the steamer Tecumseh, and owners are discharged from all responsibility.

In *Leadbitter vs. Farrow*, 5 *M. & S.* 349, Ld. ELLENBOROUGH said, "it is a universal rule, that a man who puts his name to a bill of exchange thereby makes himself personally liable, unless he states upon the face of the bill that he subscribed it for another, or by procuration of another, which words are words of exclusion, or unless he says ' I am the mere scribe,' he becomes liable." In that case Farrow had drawn a bill upon certain bankers, by which they were requested to pay and place the same to the account of the Durham bank as advised, and merely signed his name to it. The proof showed that Farrow had been the agent of the bank for a considerable time, and yet he was held upon this bill to be personally liable, and BAYLEY, J. said, " though the plaintiff in the action might know the defendant was an agent, he might also know he had given his own pledge by affixing his signature to the bill." The principle is well settled, that if a person undertakes to contract as an agent for an individual or corporation, and contracts in a manner which is not legally binding upon his principal, he is personally responsible. *White vs. Skinner*, 13 *J. R.* 307; *Randall vs. Van Vechten*, 19 *J. R.* 60; *Taft vs. Brewster*, 9 *J. R.* 334; *Tippetts vs. Walker*, 4 *Mass. R.* 596; and *Mott vs. Hicks*, 1 *Cowen* 536. The agent, when sued upon a contract, can only exonerate himself from responsibility by showing his authority *to bind* those for whom he is undertaking to act. It is not for the plaintiff to show that he has not authority. The application of this principle to the case now under consideration clearly proves that Kendall is personally responsible, and not the steamboat owners. He was bound to show that he had authority to contract for the steamer Tecumseh and owners, and to prove this affirmatively, and in failing so to do, he becomes himself personally liable upon his undertaking. The note upon its face declares no facts which could raise a presumption that he was either part owner, captain, or agent. He signs it in neither of these capacities, and having no lawful authority to contract for them, he

Ormsby and Abraham Hite *against* Francis C. Kendall.

has made himself personally responsible by affixing his own signature to the instrument; consequently, the court erred in instructing the jury to find as in a case of non suit. The judgment of the court below must therefore be reversed.