## TRAPNALL AS ADX. VS. CRAIG.

A plaintiff suing in the character of administrator, is bound to make profert of his letters; and the defendant is entitled, as a matter of right, to a grant of oyer of them.

Upon filing the prayer of oyer of the letters of administration, it is the duty of the plaintiff to respond thereto as to any other pleading; but the Court, upon application and a proper showing, has the discretionary power to grant the plaintiff a reasonable time to respond to the prayer of oyer.

Where the court discontinues the action for the failure of the plaintiff to respond to the prayer of oyer of letters of administration, this Court will presume in favor of the correctness of the judgment, unless the plaintiff put such facts upon the record as make it appear that the court erred.

*Writ of error to the Circuit Court of Phillips county.*

The Hon. GEORGE W. BEAZLEY, Circuit Judge.

FOWLER & STILLWELL for the plaintiff.

GARLAND, for the defendant.

Where a defendant craves oyer properly of that to which he is entitled, and the plaintiff does not grant oyer, the Court can dismiss the suit, and give judgment against him for costs, and it is no ground of error. 1 *Tidd's Pr.* 516; 7 (3*Amer. Ed.*;) 1 *Ch. Pl.* 466; 2 *Stra.* 1186; 1 *Wils.* 16; 1 *Bac. Abr.* 12.

In matters of practice of this kind, unless there is palpable abuse of discretion in the Circuit Court, this Court cannot review its ruling. *Bailey vs. Palmer*, 5 *Ark.* 208.

Mr. Chief Justice ENGLISH delivered the opinion of the Court.

Martha F. Trapnall, as administratrix with the will annexed of Frederick W. Trapnall, deceased, brought an action of debt

in the Phillips Circuit Court, against John A. Craig, upon a writing obligatory, executed by the defendant to the plaintiff's testator.  The plaintiff made profert, in the declaration, of the bond sued on, and of her letters of administration.

The appearance term commenced on the 25th of May, 1857. On the 28th of May, the defendant filed a prayer for oyer of the obligation sued on, and of the plaintiff's letters of administration.  On the 29th May, the transcript shows the following entry: " Now on this day come the parties, by their attorneys, and the plaintiff grants oyer of the writing sued on herein, by filing a copy, and exhibiting the original; and the plaintiff failing to grant oyer of letters of administration, on motion of attorney for defendant, judgment of discontinuance is granted herein.  It is therefore considered by the Court that this cause be discontinued, and that the defendant do have and recover of and from the said plaintiff all of his costs in and about this suit laid out and expended," etc.   Plaintiff brought error.

1. It is insisted for the plaintiff, that the defendant could only take advantage of any defect in the letters, or irregularity in the granting of them, by plea in abatement—and that by craving oyer of the instrument sued on, he waived the right to plead matter in abatement; and, moreover, that the time for filing pleas in abatement had expired when the defendant craved oyer of the letters, and therefore he was not entitled to a grant of oyer of them.

The plaintiff having sued in her representative character, upon a cause of action which accrued to her testator, it was proper for her to make profert of her letters, and the defendant was entitled to a grant of oyer of them.   *Anderson vs. Wilson,* 13 *Ark.* 410; *Knott et al. vs. Clements, Ib.* 335; 1 *Tidd's Prac.* 586.

After obtaining a grant of oyer of the letters of administration, the defendant may question their validity by demurrer to the declaration.   *Hynd's ex. vs. Imboden,* 5 *Ark.* 385; *Cocke exr. vs. Walters,* 1 *Eng.* 410.   Or he may plead *ne unques administrator* in *bar* of the plaintiff's right of action, and test the

validity of the letters on the trial of an issue to the plea. 3 *Chitty's Plea.* 942, *and notes* (11*th American Edition*); 1 *Ark. Rep.* 361.

The plaintiff, therefore, had no right, in this case, to assume that the defendant desired to interpose matter in abatement, or that he could interpose such matter only, in reference to the right of the plaintiff to sue, and upon such assumption, to refuse to grant oyer of the letters.

2. It is insisted, moreover, that the Court could not render a judgment of discontinuance until a rule had been made upon the plaintiff to grant oyer of the letters, and she had failed to comply with the rule.

Under the practice in this State, the plaintiff was bound to make profert of her letters of administration, the suit being brought in her representative capacity, upon a cause of action accruing to her testator; and having done so, the defendant was entitled as a matter of right, to a grant of oyer thereof, as above remarked. Having filed his prayer for oyer, we apprehend that it was the duty of the plaintiff to respond thereto, as to any other pleading interposed on the part of the defendant, requiring a response, in the regular progress of the process of pleading. The defendant is required to file his pleas to the action at or before the calling of the cause, in its regular order on the docket. *Dig., ch.* 126, *sec.* 53. The plaintiff would be bound to respond to the prayer of oyer in time to enable the defendant to plead, before the calling of the cause. But the Court, upon application, and upon a proper showing, has the discretionary power to extend the time allowed to the defendant to plead to the action; and the like discretionary power, no doubt, upon such application and showing, to allow the plaintiff any reasonable time that might be required to respond to the prayer of oyer.

In this case, no bill of exceptions was taken by the plaintiff, and we are not advised as to the particular state of facts upon which the Court adjudged the plaintiff to be in default, and rendered the judgment of discontinuance.

The record entries show that upon one day the defendant filed his prayer for a grant of oyer of the bond sued on and the letters; and that, on the next day, the plaintiff granted oyer of the bond, but failed to grant oyer of her letters of administration; whereupon, the Court, upon the motion of the defendant's attorney, rendered judgment of discontinuance.

There is no showing that the plaintiff asked or desired further time to grant oyer of the letters, or offered to do so at any future period. It may be that the plaintiff's attorneys insisted, in the Court below, as they have done here, that the defendant was not entitled to a grant of oyer of the letters, after the time for pleading in abatement had expired, and, on that ground, declined to make the grant. We are bound to presume in favor of the correctness of the judgment of the Court below, unless the plaintiff, by bill of exceptions, had put such facts upon the record as to make it appear that the Court had erred.

The judgment is affirmed.

Absent, Hon. Thos. B. Hanly.