FARMERS' EXCHANGE *v*. DRAKE.

Opinion delivered November 1, 1926.

1. PLEADING—WAIVER OF DEMURRER.—Any error in overruling a demurrer to a complaint and a motion to strike was waived when the defendant filed an answer and went to trial.

2. SALES—IMPLIED WARRANTY—JURY QUESTION.—Whether a dealer acted as plaintiff's agent in securing seed from defendant, so as not to preclude plaintiff from relying on an implied warranty in the sale, *held* for the jury.

3. APPEAL AND EVIDENCE—CONCLUSIVENESS OF VERDICT.—A verdict based upon substantial, though conflicting, evidence is conclusive.

4. TRIAL—APPLICABILITY OF INSTRUCTIONS.—Where the sale of seed was consummated by a telephone conversation, an instruction that, in determining whether defendant had sold seed direct to plaintiff, the jury should not consider oral evidence contradicting a written order, was properly refused.

5. TRIAL—APPLICABILITY OF INSTRUCTIONS.—In an action for breach of an implied warranty in the sale of seed, an instruction on the question whether defendant sold the seed direct to plaintiff, ignoring the plaintiff's theory that an intermediate dealer was acting as agent for plaintiff, on which issue the evidence was conflicting, *held* properly refused.

Appeal from Washington Circuit Court; *W. A. Dickson,* Judge; affirmed.

*W. N. Ivie,* for appellant.

*H. L. Pearson,* for appellee.

HUMPHREYS, J.   Appellee instituted suit in the circuit court of Washington County against appellant, a corporation, and J. L. McConnell jointly, to recover damages in the sum of $411.30 for the alleged breach of an implied warranty in the sale of Honey Drip sorghum-cane seed to him.   The gravamen of the complaint was that appellee applied to J. L. McConnell, a feed and flour merchant in Prairie Grove, for twenty-five pounds of Honey Drip cane seed, to plant seven acres of land for the purpose of growing sorghum-cane to make molasses; that, not having the seed in stock, McConnell called appellant over the telephone, which was in the seed business at Fayetteville, and informed it of appellee's desire, whereupon they agreed to furnish him seed of the kind and character desired; that he paid McConnell for the seed, and later received and planted same; that, when the crop matured, it proved to be a mixture of various kinds of cane, wholly unfit for making sorghum, and was of no value, except of a small value for feed.

Appellant and J. L. McConnell filed separate demurrers to the complaint, alleging that the facts were not sufficient to constitute a cause of action against either, and that there was a defect of parties therein.

Appellant also filed a motion to strike and dismiss the complaint, alleging, first, that appellant was improp-

erly joined as a defendant; second, that a privity of contract between appellee and appellant was not alleged; third, that facts sufficient to show a joint liability of appellant and McConnell were not alleged; and fourth, that the complaint was indefinite and uncertain in several particulars.

The court overruled the demurrers and motion, over the separate objection and exception of appellant, as well as McConnell.

Appellant then filed a separate answer, denying that it ever sold any cane seed directly or indirectly to appellee, but that it sold the seed to J. L. McConnell.

J. L. McConnell filed a separate answer, denying that he sold the seed to appellee, and alleging that, in telephoning to appellant for the seed, he acted in the capacity of agent for appellee.

The cause was submitted to a jury upon the pleadings, the testimony introduced by the parties, and the instructions of the court, which resulted in a verdict and consequent judgment for $205.50 in favor of appellee, from which is this appeal.

Appellant first contends for a reversal of the judgment because the court overruled its demurrer and motion to strike. If the court committed errors in overruling these pleadings, which it is unnecessary to determine, appellant waived them by pleading over. It did not stand upon its demurrer and motion, but filed a separate answer, joining issue upon the material allegations in the complaint, and proceeded to a trial of the cause, thus abandoning its demurrer and motion. *Jarrett* v. *Wilson*, 1 Ark. 137; *McLaughlin* v. *Hutchins*, 3 Ark. 207; *Tatum* v. *Tatum*, 19 Ark. 195.

Appellant next contends for a reversal of the judgment upon the alleged ground that the undisputed evidence showed that there was no privity of contract between the appellee and appellant, and, for that reason, claims that appellee was precluded from any benefit under the implied warranty growing out of the sale of said seed. We cannot agree with learned counsel for

appellant in his assumption that the undisputed evidence showed that appellant sold the seed to J. L. McConnell and not to appellee.

J. L. McConnell testified, in substance, that he called appellant over the telephone, and, after ascertaining that it had Honey Drip cane seed for sale, told it that a man was present who wanted a half bushel, and to put that much aside for him, which it agreed to do; that he accepted pay for same, and had the truck bring the seed out two days later and send same to appellee.

Appellee testified that he requested J. L. McConnell to call up Fayetteville and see if he could get Honey Drip sorghum seed for him; that McConnell called appellant, and told it that a man was there who wanted Honey Drip cane seed to make sorghum, and, when informed that it had such seed, instructed it to hold a half bushel for appellee.

This was testimony of a substantial nature tending to show that McConnell acted as purchasing agent for appellee in securing the seed, so it was not error to deny appellant's request for an instructed verdict.

The opposing theories of appellant and J. L. McConnell were submitted to the jury in carefully worded instructions, and the jury found the issues against appellant upon conflicting testimony. The verdict is conclusive against appellant, because supported by some substantial evidence.

Appellant's next contention for a reversal of the judgment is that the court erred in refusing to give appellant's requested instruction No. 2, which is as follows:

"In ascertaining whether or not the defendant Farmers' Exchange sold the seed in question direct to McConnell, or McConnell & Cravens, you are instructed that, if you find from the evidence that said seed was sold on a written order and by a written bill to said purchaser, then in this event you will not consider any oral evidence introduced in this case which tends to contradict, vary, or add to or take from such writings."

The undisputed testimony in the case shows that the seed was sold over the telephone on the 27th day of May, and that same was put up and set aside on that day, and that the order referred to in the instruction was a written order, given to the truck-driver for the seed, who called at appellant's store and got same on the 29th day of May, two days after the sale had been completed. To have given this instruction would have been tantamount to eliminating from the consideration of the jury the telephone conversation by which the sale and purchase of the seed was consummated.

The next and last contention of appellant for a reversal of the judgment is that the court erred in refusing to give its requested instruction No. 4, which is as follows:

"You are instructed that, if you find from the evidence that the defendant Farmers' Exchange, in the ordinary course of business, received an order from the defendant McConnell, or McConnell & Cravens, for the seed in question, and that said defendant Farmers' Exchange, in compliance with said order, sold, billed and delivered to said McConnell, or McConnell & Cravens, and said McConnell, or McConnell & Cravens, paid defendant Farmers' Exchange for said seed in the ordinary course of business, your verdict must be for the said defendant Farmers' Exchange."

If this instruction had been given, it would have prevented the jury from considering and determining J. L. McConnell's theory of the case, to the effect that he was acting as agent for appellee in ordering the seed. This was the real issue in the case as between appellant and J. L. McConnell, and it would have been improper to take this issue from the jury, in view of the fact that the testimony responsive to this issue was conflicting.

No error appearing, the judgment is affirmed.