BALL *v.* BALL.

4-4513

Opinion delivered February 8, 1937.

*Oscar E. Williams,* for appellant.

McHANEY, J. In 1933, appellee filed suit for divorce against appellant in the Washington chancery court and secured a decree in his favor in March, 1934. Appellant brought the case to this court for review and on November 12, 1934, the decree of divorce was reversed on the ground that an action in this state was barred because of a judgment denying the appellee a divorce in the state of Missouri. In that appeal, we were asked to make an order allowing appellant an attorney's fee, costs of suit and provision for her support and maintenance. We allowed a preliminary fee of $100 for her attorney, and on final adjudication, an additional fee of $250 and all costs of suit were assessed against appellee. It was alleged that since the trial of that case, appellee's father had died, and that his income had been very greatly increased, but we held that the facts in relation thereto were not developed at the trial, and that this feature of the case should be reversed for further hearing and developed in the court below, "where appropriate orders may be made for Mrs. Ball's support." *Ball* v. *Ball,* 189 Ark. 975, 76 S. W. (2d) 71.

The mandate was promptly taken out and filed in the court below. Appellant took no further action in the matter, and on February 11, 1936, without notice to ap-

pellant or her counsel, counsel for appellee moved the court to dismiss the cause from the docket, which motion was sustained. On April 21, 1936, appellant filed a motion to set aside the order of dismissal, and notified counsel for appellee that on May 18, 1936, he would present the motion to the court. In its order of dismissal the court found that appellant had taken no steps to procure support and maintenance, and had filed no pleadings therefor; that because of her failure to prosecute, all matters heretofore pending by reason of its order of December 14, 1934, in obedience to the mandate of this court, retaining jurisdiction for the development of facts with reference to appellee's ability to provide support and maintenance for appellant, should be dissolved; that appellee had paid all of the costs accruing in the action, and the whole cause was dismissed from the docket. In overruling the motion to set aside the order of dismissal, the court said: "That no pleading has been filed in the case asking for separate maintenance and support except the motion for allowance pending the suit," and this, among others, was assigned as a reason for overruling the motion.

We think the question of setting aside the order of dismissal rested in the sound discretion of the trial court, and that no abuse of discretion is shown. The case had been pending in the Washington chancery court from October, 1933, and had been pending for hearing on the question of an allowance for maintenance and support, on the mandate of this court, from December 12, 1934. On February 11, 1936, it was dismissed from the docket on motion of appellee without notice to appellant. Dismissal for want of prosecution, may be had without notice. *Dent* v. *Adkisson*, 191 Ark. 901, 88 S. W. (2d) 826.

In order to excuse her delay in presenting her case to the court for support and maintenance, appellant alleged, in her motion to set aside the order of dismissal, that appellee was the beneficiary of a spendthrift trust in his father's will since the fall of 1933, and that his share of the estate of his father was estimated at a large sum of money. It is further alleged "that a copy of the third settlement (of the executors), that of June 30,

1935, was filed August 12, 1935, and is attached to this petition. That on Wednesday, March 25, 1936, the executors made a partial distribution of the personal property in accordance with the terms of said will, a certified copy of said order is attached hereto.'' Appellant further says that it has been almost impossible to develop the proof with reference to the spendthrift trust. We fail to see that this is sufficient to excuse appellant in this long delay from filing some pleading or taking some action to inform the court and appellee that she intended to insist upon asserting her rights for support and maintenance in said court. We think the court and appellee were justified in assuming that she had abandoned such claim. At any rate, the matter was one resting in the sound discretion of the trial court, and no abuse of discretion being shown, the judgment must be affirmed. It is so ordered.