CHANDLER *v.* FURLOW.

4-7833                                    192 S. W. 2d 764

Opinion delivered March 4, 1946.

O. E. *Williams*, for appellant.

*Wilson & Starbird*, for appellee.

McFADDEN, J. This appeal questions the discretion exercised by the chancery court in dismissing the plaintiff's complaint for unreasonable delay. The appellant was the plaintiff below; and the appellee was the defendant below. We refer to the parties as plaintiff and defendant.

The dates are important for a full consideration:

(1) On December 17, 1943, plaintiff filed his suit in the chancery court to cancel a tax deed based on a tax sale for 1933 taxes.

(2) On February 3, 1944, summons was issued on the said complaint, and was served the next day.

(3) On February 15, 1944, plaintiff filed an amendment to the complaint.

(4) On March 23, 1944, defendant filed a motion to require the plaintiff to make the complaint and the amendment more definite and certain.

(5) On June 30, 1944, plaintiff filed his response to the motion to make more specific.

(6) On February 5, 1945, the court sustained the defendant's motion to make more definite and certain, and allowed the plaintiff ten days to file an amended complaint.

(7) On March 22, 1945 (one month and seven days after the ten days allowed), the plaintiff filed a second "response to motion to make more specific."

(8) On March 30, 1945, the court ruled that the response of March 22, 1945, did not make the plaintiff's pleadings sufficiently definite and certain, and allowed the plaintiff "until April 10, 1945, to file final amended complaint."

(9) On May 7, 1945, (twenty-seven days after the time limit of April 10, 1945) plaintiff attempted to file

his "amended complaint in equity"; but on May 7, 1945, the chancery court struck from the files the plaintiff's pleading filed that day, and dismissed the plaintiff's suit. This order reads in part as follows:

". . . the court having considered the whole record, doth find:

"That this cause was filed on the 17th day of December, 1943; that defendant filed a motion to require the plaintiff to make his complaint more definite· and certain; that two amendments and an amended complaint have been filed; that on the 30th day of March, 1945, plaintiff was allowed until April 10, 1945, to file a final amended complaint; that said order was not complied with; that plaintiff now files on this date an amended complaint, without offering any reason for failure to comply with the previous order of the court; that . . . the defendant has been diligent in urging that this cause be brought to proper issue, and that the plaintiff has failed to exercise diligence in complying with the orders of the court.

"It is, therefore, by the court considered, ordered, adjudged, and decreed that plaintiff's complaint be dismissed for the reasons herein stated, and that defendant have judgment against the plaintiff for all her costs herein laid out and expended; to which findings and order of the court, the plaintiff excepts." ·

(10) On November 2, 1945, the plaintiff filed his appeal in this court, and seeks to reverse the said order of the chancery court of May 7, 1945.

We hold that the chancery court acted within its power, and we cannot say that there was any abuse of discretion, in dismissing the case, which had been pending one year, four months, and twenty days when the court made the order of dismissal. The plaintiff had twice delayed past the time allowed by the court for filing pleadings. Section 1485 of Pope's Digest provides:

"An action may be dismissed without prejudice to a future action:

"Fifth: By the court for disobedience by the plaintiff of an order concerning the proceedings in the action."

As early as *Trapnall* v. *Craig* (1857), 19 Ark. 243, this court upheld the power of the trial court to dismiss a cause where the plaintiff failed to comply with the order of the court. In *Thompson* v. *Foote,* 199 Ark. 474, 134 S. W. 2d 11, in passing on the question of whether the chancery court had abused its discretion in dismissing a case because of the lack of diligence on the part of the plaintiff, we quoted with approval from 17 Am. Juris. 88, as follows: "As a general rule, an action may be dismissed or a non-suit granted because of the plaintiff's failure to prosecute it diligently. The power of the courts to dismiss a case because of failure to prosecute with due diligence is said to be inherent and independent of any statute or rule of court."

In *Thompson* v. *Foote, supra,* Mr. Justice MEHAFFY, speaking for the court, quoted from *Chalkley* v. *Henley,* 178 Ark. 635, 12 S. W. 2d 18: " 'An order dismissing a case for want of prosecution, . . . will not be reversed by the Supreme Court unless there is a manifest abuse of discretion.' " See, also, *Ball* v. *Ball,* 193 Ark. 606, 101 S. W. 2d 431. In the case at bar, no explanation was offered by the plaintiff as to why he did not file his amended complaint by April 10, 1945—the date fixed by the court. In the record before us, no explanation of any kind appears for any delay. The language of this court in *Trapnall* v. *Craig, supra,* is apropos:

"We are bound to presume in favor of the correctness of the judgment of the court below, unless the plaintiff, . . . had put such facts upon the record as to make it appear that the court had erred."

Plaintiff argues, here, that his pleadings on file on March 30, 1945, were sufficiently definite, and that the chancery court was, therefore, in error in the order of March 30, 1945, in holding his pleadings insufficient. That argument is without merit because the plaintiff attempted to plead over (by his pleading of May 7, 1945), and he thereby waived his right to test the correctness of the order of March 30, 1945. Some cases involving the

effect of waiver by pleading over are: *Farmers' Exchange* v. *Drake,* 171 Ark. 1127, 287 S. W. 371; *Hite* v. *Kendall,* 2 Ark. 338; *Harrell* v. *Tenant,* 30 Ark. 684.

There is not before us at this time the question whether the plaintiff may file a new suit on his original cause of action, relying on such cases as *Floyd* v. *Skillern,* 121 Ark. 454, 181 S. W. 298, and *Jernigan* v. *Pfeifer Bros.,* 177 Ark. 145, 5 S. W. 2d 941.

We are concerned here *solely* with the question whether the chancery court abused its discretion in dismissing the plaintiff's complaint for lack of diligence, and for failure to comply with the order of the court. We find no abuse of discretion, and the order of dismissal is, therefore, affirmed.