Marilyn FLORENCE, Age 9; Vernice Price, Age 8; and Robert Matthews, Age 6, By Their Mother Elsie Matthews and Elsie Matthews, Individually *v.* Captoria TAYLOR

95-1170                                     928 S.W.2d 330

Supreme Court of Arkansas
Opinion delivered September 9, 1996

*Heather Patrice Hogrobrooks*, for appellants.

*Barber, McCaskill, Amsler, Jones & Hale, P.A.*, by: *Scott M. Strauss*, for appellee.

ROBERT L. BROWN, Justice. This case arises from a dismissal of the complaint of appellants Elsie Matthews on behalf of Marilyn Florence, age 9; Vernice Price, age 8; and Robert Matthews, age 6; and Elsie Matthews, individually. The matter was dismissed with prejudice by the trial judge on motion of appellee Captoria Taylor for the "repeated failure" of appellants and their counsel to attend trial. Appellants now appeal and assert that the dismissal denied them their constitutional rights to an impartial tribunal as well as to notice, opportunity to be heard, and access to the courts. They further contend that the dismissal constituted an abuse of the trial judge's power. We disagree and affirm the dismissal.

The pertinent facts are these. The matter was set to be tried before a jury in Lee County Circuit Court on August 30, 1995. At 9:10 a.m. on August 29, 1995, appellants filed a motion for a continuance, showing that a necessary witness was unavailable for trial, that a nephew and cousin of the appellants had drowned two days before, that appellants' counsel had three "criminal cause numbers" that were set for trial in St. Francis County on August 30, 1995, and that appellants' counsel had briefs due in this court on August 31, 1995. The motion further alleged that appellee's counsel had been informed of the need for a continuance on August 28, 1995.

Neither appellant Elsie Matthews nor her attorney, Heather Patrice Hogrobrooks, appeared for jury trial at 9:00 a.m. on August 30, 1995. At 9:13 a.m. on that date, a hearing was held. The trial judge stated that he had been faxed a copy of the appellants' motion for continuance mid-morning on August 29, 1995, and that he had communicated with counsel for appellee who objected to the motion. The judge stated that he told appellee's counsel he would not entertain the motion without an opportunity for counsel to be heard. The judge stated he next telephoned counsel for appellants and informed her that counsel for appellee objected to the motion and that he would not consider the motion "without both parties either being before the court on a conference call on the telephone or in person." The judge added that he heard nothing further from appellants' counsel.

Counsel for appellee then advised the trial judge that the matter had been set for jury trial three times. The first time, appellants and their counsel failed to appear on the day of the trial, and the trial judge continued the matter on his own motion. The record reflects that this occurred on September 13, 1994. A few months later, appellants' counsel moved for a continuance two days before the jury trial which had been set. That motion was granted. Now, appellee's counsel maintained, appellants and their counsel had again failed to appear, while appellee had witnesses en route and family present and was prepared to go to trial. Appellee's counsel further noted that the circuit clerk's office had been erroneously advised by Ms. Hogrobrooks's secretary on August 29, 1995, that a jury panel should not be called due to a continuance. Appellee's counsel moved to dismiss the matter.

The trial judge refused to grant the motion for continuance on the basis that it had never been presented for consideration and granted the appellee's motion to dismiss. The judge added that he had telephoned the trial judge in Forrest City and determined from him that Ms. Hogrobrooks did not have a case scheduled for trial in that city on August 30, 1995. Ms. Hogrobrooks disputes that fact and filed an Order Certifying Court Attendance, which verified that she had three of her cases set for trial in Forrest City on that date and that she appeared in order to answer those cause numbers.

The appellants argue as their first point on appeal that they were denied their constitutional rights to due process and equal protection because (1) the trial judge did not inform them that their trial was still scheduled for August 30, 1995; and (2) the trial judge had decided before the reported hearing that he would dismiss the matter with prejudice. Neither argument has merit.

■■ The trial judge specifically stated for the record that he had advised appellants' counsel that he would not consider the continuance motion without both counsel appearing in person or by conference call. This did not occur. Further, this court has made it very clear that it is incumbent upon the movant to obtain a ruling on a motion. *Carpetland of Northwest Arkansas, Inc.* v. *Howard*, 304 Ark. 420, 803 S.W.2d 512 (1991). That was not done in this case. In short, there was nothing to suggest to appellants or their counsel that the matter would not be tried on August 30, 1995. Secondly, the record reflects, as does the Order of Dismissal, that appellee's counsel made the motion to dismiss the cause. Nothing in the record before this court indicates that the trial judge had predetermined the motion before the reported hearing. We, of course, are limited in our review to the record before this court. *Edwards* v. *State*, 321 Ark. 610, 906 S.W.2d 310 (1995).

■■ For their second issue, appellants argue lack of notice of the possibility of dismissal as well as an impingement of their opportunity to be heard on that issue and their access to the courts. This argument also is meritless. To be sure, a cornerstone of our legal system is that a person not lose his or her life, liberty, or property without notice and an opportunity to be heard. *Greene* v. *Lindsey*, 456 U.S. 444 (1982). But it is basic that the mere filing of a motion does not continue a jury trial, and the trial judge expressly conveyed this point to counsel for the appellants the day before the trial. Counsel simply failed to appear at trial or to obtain the

necessary continuance order and, thus, should have known that dismissal might well be a natural consequence of her actions.

██ The United States Supreme Court has held that failure to appear is a ground for dismissal even though notice of dismissal as a possible sanction was not given to counsel. *Link* v. *Wabash R.R. Co.*, 370 U.S. 626 (1962). In *Link*, the district court entered an order of dismissal when the petitioner failed to attend a pretrial conference which he knew about but which, he contended, he was too busy to attend. The Court, in upholding the district court's dismissal, held that specific notice of possible dismissal and a hearing regarding the same were not required by due process:

> Nor does the absence of notice as to the possibility of dismissal or the failure to hold an adversary hearing necessarily render such a dismissal void. It is true, of course, that "the fundamental requirement of due process is an opportunity to be heard upon such notice and proceedings as are adequate to safeguard the right for which the constitutional protection is invoked." *Anderson National Bank* v. *Luckett*, 321 U.S. 233, 246. But this does not mean that every order entered without notice and a preliminary adversary hearing offends due process. The adequacy of notice and hearing respecting proceedings that may affect a party's rights turns, to a considerable extent, on the knowledge which the circumstances show such party may be taken to have of the consequences of his own conduct. The circumstances here were such as to dispense with the necessity for advance notice and hearing.

370 U.S. at 632. This court has also recognized the inherent power of the trial courts to dismiss a case for failure to pursue it with diligence. *See, e.g., Gordon* v. *Wellman*, 265 Ark. 914, 582 S.W.2d 22 (1979); *Chandler* v. *Furlow*, 209 Ark. 852, 192 S.W.2d 764 (1946). The appellants, nevertheless, rely on *Southwestern Water Co.* v. *Merritt*, 224 Ark. 499, 275 S.W.2d 18 (1955), where this court reversed a chancellor's dismissal of a case due to delay in prosecution. That case, though, did not involve two unexcused failures by counsel and a party to attend a jury trial, and, accordingly, it is simply inapposite to the case at hand.

The appellants also point us to *Cagle* v. *Fennel*, 297 Ark. 353, 761 S.W.2d 926 (1988), where we affirmed a dismissal of a matter

for counsel's failure to appear at deposition twice and to pay the attendant costs. Appellants maintain that in *Cagle* the trial judge pointedly warned counsel of the potential for dismissal, which did not occur in the instant case. We do not read *Cagle* as requiring such a warning prefatory to dismissal in all cases, though that circumstance did exist under the *Cagle* facts. Rather, we are persuaded by the *Link* rationale quoted above that under certain circumstances, notice, or indeed a warning of dismissal, is not required.

■■ For their final point, the appellants urge that the trial judge abused his inherent power by dismissing the case. We disagree. A trial judge clearly has the inherent power to dismiss a case for failure to prosecute. *Gordon* v. *Wellman, supra*; *Chandler* v. *Furlow, supra*; *Thompson* v. *Foote*, 199 Ark. 474, 134 S.W.2d 11 (1939). This was the third time that this cause had been set for jury trial and the second time that the appellants and their counsel had failed to show up on the day of trial. The expense and work involved in trial preparation by defense counsel and the Lee County Circuit Clerk's office on those two occasions, no doubt, played a part in the trial judge's decision to dismiss, as it should have. But in addition to that, the trial judges of this state have an obligation to assure that their courts are conducted in an orderly and correct manner and that their courts are treated with respect and dignity. There is no question that two unexcused failures to appear for trial flies in the face of the respect due our judicial system.

■ The appellants posit that the dismissal penalizes them for their attorney's actions and that perhaps sanctions against their counsel is a more appropriate course of action as an alternative to dismissal. We are aware of cases that hold that appropriate action against a neglectful attorney was the better course to follow for an appearance failure as opposed to the drastic step of dismissal. *See, e.g., Jackson* v. *Washington Monthly Co.*, 569 F.2d 119 (D.C. Cir. 1977); *Moore* v. *St. Louis Music Supply Co.*, 539 F.2d 1191 (8th Cir. 1976). However, where two unexcused failures to attend a jury trial have occurred, this evidences either a course of extended neglect by counsel or willful disregard of court procedures.

■ Bearing the two failures in mind, we are drawn to the language of the Supreme Court in *Link* v. *Wabash R.R. Co., supra*:

There is certainly no merit to the contention that dis-

missal of petitioner's claim because of his counsel's unexcused conduct imposes an unjust penalty on the client. Petitioner voluntarily chose this attorney as his representative in the action, and he cannot now avoid the consequences of the acts or omissions of this freely selected agent.

370 U.S. at 633-634. *See also Chalkley* v. *Henley*, 178 Ark. 635, 12 S.W.2d 18 (1928). We hold that no abuse of discretion occurred.

Affirmed.