2010 Ark. App. 765

**CITY OF LITTLE ROCK, Appellant**

v.

**McGEORGE CONTRACTING CO., INC., Appellee.**

**No. CA 09–359.**

Court of Appeals of Arkansas.

Nov. 10, 2010.

David M. Littlejohn, Office of the City Attorney, Little Rock, AR, for appellant.

Charles R. Nestrud, Mark W. Hodge, Chisenhall, Nestrud & Julian, P.A., Little Rock, AR, for appellee.

WAYMOND M. BROWN, Judge.

McGeorge Contracting Co., Inc., filed a complaint against the City of Little Rock and the Housing Authority for the City of Little Rock (LRHA) in an effort to gain access to Highway 365. Five months later after dismissing the suit for want of prosecution, the Pulaski County Circuit Court entered an order vacating the dismissal, allowing the suit to proceed. The City has appealed from the order, challenging the circuit court's jurisdiction to enter the order and asserting that McGeorge's suit is barred by res judicata. McGeorge contends that the dismissal was void and that the circuit court had the authority to vacate it. We previously ordered rebriefing due to the City's failure to comply with our briefing rules.[1] Now that the City has filed a conforming brief, we hold that the dismissal was valid and that the circuit court lost jurisdiction to vacate it after ninety days had passed. Therefore, we reverse.

In November 2002, McGeorge filed its first complaint against LRHA, but that complaint was dismissed for want of prosecution in December 2003. It filed a second complaint against LRHA, alleging the same facts, in March 2007. In July 2008, this complaint was also dismissed for want of prosecution. Despite this dismissal, McGeorge filed an amended complaint in November 2008, adding the City as a defendant. The City responded by filing a motion to dismiss, alleging that the complaint had already been dismissed. On December 8, 2008, McGeorge moved to vacate the July 2008 dismissal. Attached to the motion were affidavits from counsel for McGeorge and for LRHA, both stating that they did not receive prior written notice of the July 2008 dismissal. Three days later, the circuit court vacated the July 2008 dismissal. The City did not respond to the motion until December 22, 2008. In its response, it asked the court to reconsider vacating the July 2008 dismissal. There is nothing in the record showing that the court did so. The City then filed a timely notice of appeal.

The City presents two arguments to this court. First, it argues that the circuit court lacked jurisdiction to enter the order vacating the July 2008 dismissal. It contends that the July 2008 order, despite stating that it was without prejudice, should have been with prejudice and, thus, it constituted a final adjudication on the merits. Because it was a final order, it argues, the circuit court lost jurisdiction to vacate it after ninety days. Second, the City asserts that, because the July 2008 order was a final judgment on the merits, res judicata barred McGeorge from relitigating the matter. In response, McGeorge argues that the July 2008 dismissal was void under both Arkansas statutory law and the principles of due process. It contends that, because no one received notice of the dismissal, the court was without authority to enter it. McGeorge also asserts that the City's res judicata argument is not preserved for appellate review.

The matter is still pending in circuit court, but we have jurisdiction to consider an appeal from an order vacating an order of dismissal.[2] A circuit court's decision under Arkansas Rule of Civil Pro-

1. *City of Little Rock v. McGeorge Contracting Co.*, 2010 Ark. App. 396, 2010 WL 1806655.

2. *Wal–Mart Stores, Inc. v. Taylor*, 346 Ark. 259, 57 S.W.3d 158 (2001) (stating that such an order is the equivalent of an independent action setting aside the judgment); *Hill–Rom Co. v. Swink*, 65 Ark.App. 71, 984 S.W.2d 834 (1999) (allowing an appellate court to review an order vacating or modifying a judgment when the judgment is more than ninety days old).

cedure 60 is reviewed under the abuse-of-discretion standard.[3] But to the extent that the circuit court ruled on questions of law, we review them de novo, giving no deference to the circuit court's ruling on the issues.[4]

We can resolve this appeal by answering one question: was the July 2008 dismissal valid? If the July 2008 dismissal was valid, then the circuit court lost jurisdiction to vacate the dismissal ninety days after entering it.[5] If it was void *ab initio,* then the second lawsuit technically never ended, and neither Rule 60(a) nor the doctrine of res judicata would bar the suit from continuing. McGeorge argues that the lack of notice voided the July 2008 dismissal under Arkansas Rule of Civil Procedure 41(b), Arkansas Code Annotated section 16–65–108 (Repl.2005),[4] and the principles of due process.

Rule 41(b) does not provide any relief to McGeorge. In *Watson v. Connors,*[6] the circuit court entered a dismissal for want of prosecution. Nineteen months later, the appellant asked the court to set aside the dismissal, contending that he did not get the notice of the impending dismissal, as required by Rule 41(b). The circuit court denied the motion, finding that it lacked jurisdiction to vacate the order because the ninety-day period under Rule 60(a) had elapsed. Our supreme court affirmed, and in doing so, it admonished the appellant's attorney, who claimed that he had no opportunity to correct the entry of the dismissal:

Moreover, to the extent that Watson argues that the failure to notify him of the order of dismissal "effectively dispossessed [him] of any opportunity to contest the entry of the order until the existence of the dismissal order was made known" to him, it should be pointed out that every party and attorney bears a degree of responsibility for keeping up with the posture of his or her case. This court has held that it is "well settled that a judgment will not be vacated where the party against whom it is rendered totally fails to show legal diligence." A party's lack of diligence is "significant . . . to our consideration of the question of abuse of discretion."

It is true that the language of Rule 41(b) provides that a court "shall cause notice to be mailed to the attorneys of records," and we have consistently construed the word "shall" to mean mandatory compliance. However, we have also stated that, even in the face of language mandating that a court "shall" take a given action, an attorney is nonetheless not relieved of acting diligently.

. . . .

Although Watson complains of the "obvious" "unfairness of the circumstances," the Supreme Court has held that the "adequacy of notice and hearing respecting proceedings that may affect a party's rights turns, to a considerable extent, on the knowledge which the circumstances show such party may be taken to have of the consequences of his own conduct." Here, Watson took no interest or action in his case for over

---

3. *Williams v. Hall,* 98 Ark.App. 90, 250 S.W.3d 581 (2007).

4. *Ark. Dep't of Health & Human Servs. v. Storey,* 372 Ark. 23, 269 S.W.3d 803 (2007).

5. Ark. R. Civ. P. 60(a) (providing a ninety-day jurisdictional period to modify or vacate final orders); *Jordan v. Circuit Court of Lee County,*

366 Ark. 326, 235 S.W.3d 487 (2006). We recognize that a court may vacate or modify an order outside of the ninety-day period if one of the exceptions under Rule 60(c) applies, but none of those exceptions apply here.

6. 372 Ark. 56, 270 S.W.3d 826 (2008).

three years. Because Watson and his attorney should have been aware of the circumstances (and of the possibility that the case might be dismissed pursuant to Rule 41(b) for failure to prosecute), it cannot be said that the trial court abused its discretion in denying Watson's motion to set aside the order of dismissal.[7]

McGeorge claims that it did not receive notice of the July 2008 dismissal. But, as in *Watson*, this does not excuse it from being cognizant of the status of the lawsuit. The failure to receive notice under Rule 41(b) did not render the dismissal void.

■ The question of whether the order was void under Arkansas Code Annotated section 16–65–108 is closer, but we conclude that it was not. The statute renders null and void any order entered without actual or constructive notice. It applies when the order is entered "without any notice whatever," and a party seeking to take advantage of the statute has the burden of proving lack of that notice.[8]

■ But our supreme court has affirmed dismissals for want of prosecution even when those dismissals were without notice.[9] This makes sense. Parties are obligated to keep themselves informed of the status of their case.[10] The cases applying section 16–65–108 generally involve default judgments that were vacated because of insufficient notice of the underlying suit.[11] This case is different. McGeorge clearly had notice of the suit; it simply failed to prosecute it. We are unable to find any case applying section 16–65–108 to void a dismissal for lack of prosecution. And in light of the language in *Watson*, we hold that section 16–65–108 does not apply to a dismissal for want of prosecution under Rule 41(b).

■ Finally, McGeorge argues that the July 2008 dismissal violated principles of due process. It argues that the dismissal operates as a deprivation of property without notice. Again, however, McGeorge relies on cases involving circumstances where a party has no notice of the proceedings against him.

The decision in *Florence by Matthews v. Taylor*[12] is helpful. There, a negligence case was set for trial on August 30, 1995. The day before, the plaintiffs moved for a continuance, citing the need for unavailable witnesses. Neither the plaintiffs nor their attorney appeared on the trial date. The court stated that it would not consider the motion without hearing from both sides. Counsel for the defendant then informed the court that the trial date had been moved three times before. The trial court denied the continuance, finding that it was not properly before the court, and

---

7. *Id.* at 61–62, 270 S.W.3d at 830–31 (citations omitted).

8. *White v. Ray*, 267 Ark. 83, 85, 589 S.W.2d 28, 29 (1979).

9. *See Watson, supra; Ball v. Ball*, 193 Ark. 606, 101 S.W.2d 431 (1937); *Dent v. Adkisson*, 191 Ark. 901, 88 S.W.2d 826 (1935).

10. *Anderson v. Melton*, 222 Ark. 892, 263 S.W.2d 909 (1954); *Trumbull v. Harris*, 114 Ark. 493, 170 S.W. 222 (1914).

11. *See, e.g., Beck v. Rhoads*, 235 Ark. 619, 361 S.W.2d 545 (1962) (reversing a foreclosure decree when the property owners had no notice of the foreclosure action); *Woolfolk v. Davis*, 225 Ark. 722, 285 S.W.2d 321 (1956) (applying the statute after concluding that the appellees were never served with the complaint); *Grinstead v. Wilson*, 69 Ark. 587, 65 S.W. 108 (1901) (voiding a decree appropriating property to be a public road when the land owner received no notice of the proceedings).

12. 325 Ark. 445, 928 S.W.2d 330 (1996).

granted the defendant's motion to dismiss for the plaintiffs' failure to appear. The plaintiffs argued before our supreme court that the dismissal without notice violated due process. In rejecting the argument, the supreme court relied on *Link v. Wabash R.R. Co.*,[13] where the Supreme Court of the United States affirmed a dismissal for the plaintiff's failure to attend a pretrial conference:

> Nor does the absence of notice as to the possibility of dismissal or the failure to hold an adversary hearing necessarily render such a dismissal void. It is true, of course, that "the fundamental requirement of due process is an opportunity to be heard upon such notice and proceedings as are adequate to safeguard the right for which the constitutional protection is invoked." *Anderson National Bank v. Luckett*, 321 U.S. 233 [, 64 S.Ct. 599, 88 L.Ed. 692 (1944)]. But this does not mean that every order entered without notice and a preliminary adversary hearing offends due process. The adequacy of notice and hearing respecting proceedings that may affect a party's rights turns, to a considerable extent, on the knowledge which the circumstances show such party may be taken to have of the consequences of his own conduct. The circumstances here were such as to dispense with the necessity for advance notice and hearing.[14]

Our supreme court then recognized the circuit court's inherent power to dismiss a case for failure to prosecute.[15] In the end,

the *Florence* court affirmed the dismissal, despite the failure of notice.

Under *Florence*, a court may dismiss a suit without violating a litigant's due-process rights. While McGeorge's failure to prosecute does not rise to the level of dereliction seen in *Florence*, it does constitute behavior for which a court could dismiss the suit without violating McGeorge's due-process rights. Thus, the record does not show that the July 2008 dismissal was void as a violation of due process.

The July 2008 dismissal was valid, despite the lack of notice. Under Arkansas Rule of Civil Procedure 60(a), the court only had a ninety-day window to vacate that dismissal. It entered its order outside of that ninety-day period. Thus, the order vacating the July 2008 dismissal was void for lack of jurisdiction and must be reversed. Because the circuit court lacked jurisdiction to vacate the dismissal, there is no need to address the City's res judicata argument.

Reversed.

ABRAMSON and HENRY, JJ., agree.

---

13. 370 U.S. 626, 82 S.Ct. 1386, 8 L.Ed.2d 734 (1962).

14. *Florence*, 325 Ark. at 449, 928 S.W.2d at 332 (quoting *Link*, 370 U.S. at 632, 82 S.Ct. 1386).

15. *Id.* (citing *Gordon v. Wellman*, 265 Ark. 914, 582 S.W.2d 22 (1979); *Chandler v. Furlow*, 209 Ark. 852, 192 S.W.2d 764 (1946)).