Billy A. PUTERBAUGH, d/b/a PUTERBAUGH
CONSTRUCTION COMPANY & PUTERBAUGH
ENTERPRISES, INC. *v.* L. Weems TRUSSELL,
Individually, and L. Weems TRUSSELL, Executor
of the Estate of Nona Lee TRUSSELL, Deceased

82-135                                        637 S.W.2d 559

Supreme Court of Arkansas
Opinion delivered July 12, 1982

*Wallace, Hilburn, Clayton, Calhoon & Forster, Ltd.,* for appellant.

*Samuel N. Bird* of *Williamson, Ball & Bird,* for appellee.

DARRELL HICKMAN, Justice. A Dallas County jury returned a verdict for $15,000 against Billy Puterbaugh. The verdict was reduced to judgment on June 19, 1979. Puterbaugh filed a timely notice of appeal and a motion for a new trial. A hearing on the motion for a new trial was conducted on August 27, 1979. On December 30, 1980, sixteen months after the hearing, Judge Melvin Mayfield denied the motion.

Puterbaugh states, and it is not refuted, that he only learned of the order through a conversation with a local attorney on April 6, 1981. On May 19, 1981, Puterbaugh filed a motion to have the jury verdict set aside. A hearing was had on that motion on August 5, 1981, before Circuit Judge Don Gillaspie, Judge Mayfield's successor. On August 21, 1981, Puterbaugh amended his motion to request both that the jury verdict be set aside and that the denial of the motion for a new trial be set aside because of lack of notice. Judge Gillaspie entered an order on September 21, 1981, which denied the motion to set aside the judgments, and ruled that Puterbaugh failed to demonstrate any unavoidable casualty, because he had failed to show that he was not negligent. From that ruling comes this appeal.

At the hearing before Judge Gillaspie, the clerk of the court when Judge Mayfield's December order was entered, testified that Judge Mayfield mailed a copy of his order to Puterbaugh's counsel on the day it was entered. She said that the judge addressed the envelope himself, using the address

for counsel shown on all the correspondence and pleadings in the case file.

The issue before us is whether the trial judge abused his discretion in finding that Puterbaugh was not the victim of an unavoidable casualty. *Davis* v. *McBride*, 247 Ark. 895, 448 S.W.2d 37 (1969); ARCP Rule 60 (c) (7). We cannot say the judge was wrong in his determination and, therefore, we affirm.

There was evidence that neither Puterbaugh nor his counsel made any inquiry as to the status of the motion for a new trial in the sixteen months between the hearing and the entry of the order denying the motion, or in the four months between the time the order was entered and Puterbaugh got actual notice of the order. As we said in *Davis* v. *McBride, supra*:

> Parties served with summons must thereafter take notice of the pendency of the suit and subsequent proceedings. A party seeking relief against a judgment on the ground of an unavoidable casualty must show that he has been diligent and without negligence.

And, while there may have been no actual notice to Puterbaugh or his counsel, Puterbaugh did learn of the order on April 6, 1981, and waited over thirty days to challenge the order.

Puterbaugh argues that Judge Gillaspie refused to set aside Judge Mayfield's order because the motion for relief was not filed within thirty days after Puterbaugh got actual notice of the order. No doubt that was a consideration but Judge Gillaspie found:

> That the defendants have failed to demonstrate an unavoidable casualty or misfortune preventing appeal in that more than thirty (30) days elapsed between the time that actual and admitted knowledge of the entry of the December 30, 1980, Order was received by the defendants and the filing of their Motion for Relief. Clearly defendants have demonstrated a lack of dili-

gence in these proceedings since entry of the original judgment.

We interpret those findings to mean that the judge did not find that Puterbaugh was without negligence, and, therefore, he was not entitled to relief on the ground of unavoidable casualty. That was a decision within the judge's discretion and to overrule it we would have to find an abuse of discretion — a finding we cannot make.

Affirmed.