Bette Joyce HENDRIX *v.* Joe David McAfee HENDRIX

CA 88-272                                                  764 S.W.2d 472

Court of Appeals of Arkansas
Division II
Opinion delivered February 8, 1989

*Richard L. Peel*, for appellant.
*William F. Smith*, for appellee.

DONALD L. CORBIN, Chief Judge. This appeal comes to us from Pope County Circuit Court. Appellant, Betty Joyce Hendrix, appeals from an order of the trial court which set aside a default judgment entered against appellee, Joe David McAfee Hendrix. We find error and reverse and remand.

The record reflects that the parties were divorced in 1987, and appellant intended to file an individual tax return for 1986 to enable her college-age children to be eligible for financial aid. The pertinent facts which gave rise to the default judgment entered against appellee involve an agreement whereby appellant alleges she agreed to file a joint tax return with appellee for 1986 in return for which appellee agreed to reimburse appellant for the amount of financial aid that the children would lose because of the joint filing. Appellant did not receive the money she alleged was owed her by appellee and subsequently in October of 1987 her attorney sent appellee a letter accompanied by a complaint seeking reimbursement. The letter generally stated that suit *would be* filed if the matter of financial aid reimbursement could not be settled within one week. The complaint accompanying the letter was not file marked or signed but contained the case number CIV-87-299. Appellee obtained an attorney and filed a reply to the unfiled petition denying he owed appellant any sum of money. On November 10, 1987, appellant's attorney filed a complaint identical to the one previously mailed to appellee with the exception that the case number was changed to CIV-87-426. A summons was duly issued and served upon appellee by certified mail, with a signed return receipt dated November 27, 1987.

A default judgment was entered against appellee for $5,815.00 on December 29, 1987, since no pleading was filed in behalf of appellee to the second complaint numbered CIV-87-426, and appellee failed to appear or defend. When appellee learned of the default judgment, he filed an answer to appellant's second complaint on December 31, 1987, followed on January 27, 1988, by an amended motion to set aside the judgment by default. The amended motion contained information regarding the differing case numbers, the dates of both complaints and the answers filed thereto. Lastly, appellee alleged that this gave rise to and caused an "unavoidable casualty."

A hearing was conducted on April 5, 1988, on appellee's motion to set aside judgment by default and his amended motion

to set aside judgment by default. On April 7, 1988, the court entered its order setting aside the default judgment based "upon the pleadings, statements and argument of counsel and other things and matters before this court." This appeal is taken from the court's order of April 7, 1988.

Appellant's only argument on appeal is that the circuit judge erred in setting aside the default judgment because appellee failed to plead and prove a meritorious defense. We agree.

Rule 55(c) of the Arkansas Rules of Civil Procedure provides that a default judgment may be set aside "upon a showing of excusable neglect, unavoidable casualty, or other just cause." Further, Rule 60(c)(7) provides that a judgment may be vacated for "unavoidable casualty or misfortune preventing the party from appearing or defending." Appellee contends that the confusion created by appellant's attorney's trickery regarding the unfiled and filed complaints bearing different case numbers constituted an unavoidable casualty which justified the court's order setting aside the default judgment. Appellee also contends that the court order was proper because he did not receive the three day notice required when an application for a default is made under Arkansas Rule of Civil Procedure 55(b).

Rule 60(d) of the Arkansas Rules of Civil Procedure provides that no judgment against a defendant shall be set aside unless the defendant in his motion asserts a valid defense to the action and, upon hearing, makes a prima facie showing of such a defense. *See Farmers Union Mut. Ins. Co.* v. *Mockbee*, 21 Ark. App. 252, 731 S.W.2d 239 (1987). This court in *Bunker* v. *Bunker*, 17 Ark. App. 7, 701 S.W.2d 709 (1986) said that in order to prevail under either Rule 55, 60(b) or 60(c), a party is required to show that it has a meritorious defense. The motion itself must assert this defense. *Taggart* v. *Moore*, 8 Ark. App. 160, 650 S.W.2d 590 (1983). A meritorious defense has been defined as:

> evidence (not allegations) sufficient to justify the refusal to grant a directed verdict against the party required to show the meritorious defense. In other words, it is not necessary to prove a defense, but merely present sufficient defense evidence to justify a determination of the issue by a trier of fact.

*Tucker* v. *Johnson*, 275 Ark. 61, 66, 628 S.W.2d 281, 283-4 (1982).

In the case at bar, appellee's efforts fall short of establishing the necessary requirements under Rules 55 and 60 entitling him to an order vacating the default judgment. Appellee's motion merely contained the factual data surrounding the two complaints and responses, and the bare allegation that "this has given rise and causing an unavoidable casualty on behalf of the defendant." Nowhere in appellee's motion did he assert a valid or meritorious defense, nor did he make any showing of such a defense at the hearing. Appellee did not testify at the hearing on his motion. In fact, the testimony at the hearing consisted solely of that presented by appellant's attorney who took the stand to explain to the court the events which led to the default judgment entered against appellee. During cross-examination, appellee's attorney disputed appellant's attorney's version of the events; however, at no time was a defense to appellant's action for recovery of money shown.

A trial judge has wide discretion in determining whether a default judgment should be set aside and this court will not reverse the decision of the trial judge absent an abuse of that discretion. *Southern Paper Box Co.* v. *Houston*, 15 Ark. App. 176, 690 S.W.2d 745 (1985). Appellee did not raise a valid defense to the judgment in his motion pursuant to Rule 60(d), and we hold that the trial court abused its discretion in setting aside the default judgment. Therefore, we reverse and remand with directions to the trial court to reinstate the default judgment.

Reversed and remanded.

CRACRAFT and ROGERS, JJ., agree.