Jerry L. ROSS v. SOUTHERN FARM BUREAU
CASUALTY INS. CO.

97-995                                                          968 S.W.2d 622

Supreme Court of Arkansas
Opinion delivered May 14, 1998

228

*Bulter, Hicky & Long,* by: *Rita Reed Harris,* for appellant.

*Easley, Hicky, Cline & Hudson,* by: *Michael B. Easley* and *Daggett, Van Dover, Donovan & Perry,* by: *Robert J. Donovan,* for appellee.

DAVID NEWBERN, Justice. More than ninety days after entering an order of dismissal of a personal injury and property damage claim brought by Jerry L. Ross, the Trial Court entered orders purporting to modify its dismissal order. We hold that the Trial Court lacked jurisdiction to modify the order.

Mr. Ross drove a vehicle that was struck from behind by one owned by Clay Vanoven. Mr. Vanoven's vehicle was being driven by Troy Osbourne with Mr. Vanoven as a passenger. Mr. Ross sued Mr. Osbourne for negligent operation of the vehicle, and he sued Mr. Vanoven for negligent entrustment of his vehicle to Mr. Osbourne. Among the allegations were claims that Mr. Osbourne was driving too fast and was intoxicated at the time of the accident. To his claim against those two defendants, Mr. Ross joined a claim against Southern Farm Bureau Insurance Co. ("Southern Farm"), alleging that Southern Farm would be liable on Mr. Ross's underinsured-motorist coverage with that Company.

Attorney Bob Donovan represented Mr. Osbourne and Mr. Vanoven. They agreed to settle the claim for $25,000, which was the policy limit on the insurance covering Mr. Vanoven's vehicle. Mr. Donovan sent a draft of a release agreement and a draft of an order of dismissal to Attorney Michael Easley who represented Mr. Ross.

On September 9, 1996, the Trial Court entered the following order: "Upon motion of the parties it appears to the court that this case has been settled and that the complaint of the plaintiff should be and is hereby dismissed with prejudice. All claims asserted and all claims that could have been asserted are forever barred." The order was signed by Judge Harvey Yates and signed as "approved" by Mr. Easley and Mr. Donovan. Identical orders were entered two additional times, on September 12 and 18, 1996, apparently as the result of confusion in Mr. Donovan's law firm as to who was responsible for filing it.

Later it was realized that the effect of the order was to dismiss Mr. Ross's claim for underinsured-motorist coverage against Southern Farm. Without giving notice to Southern Farm or its attorney, Phil Hickey, Mr. Donovan presented a "Corrected Order of Dismissal with Prejudice by Reason of Settlement" that provided,

> Upon oral motion of the Defendants, Osbourne and VanOven pursuant to Rule 60(a), ARCP, it appears to the court that this case was settled by them only and that the complaint of the plaintiff as to Defendants Osbourne and VanOven only, should be and is hereby dismissed with prejudice. All claims asserted and all claims that could have been asserted against said defendants are forever barred.

> IT IS SO ORDERED pursuant to Rule 60(c) ARCP.

That order was signed by the court and as "approved" by Mr. Donovan. On the following day, February 6, 1997, yet another "Order of Dismissal With Prejudice By Reason Of Settlement" was filed. This one provided,

> Upon motion of the parties, it appears to the Court that this case has been settled, with Defendants Troy P. Osbourne and Clay Vanoven, and that the Complaint of the Plaintiff, insofar as

it makes a claim against said Defendants, should be and is hereby dismissed with prejudice. All claims asserted and all claims that could have been asserted against those Defendants are forever barred.

The purpose of this Order is to amend the Order dated and filed September 9, 1996.

It was signed by the court and as "approved" by Mr. Easley and Mr. Donovan.

On April 3, 1997, Mr. Hickey moved on behalf of Southern Farm to extend the time for filing a notice of appeal from the February orders. The motion was supported by his affidavit stating that he had not received notice of those orders and had only learned of them on or about March 21, 1997.

On April 10, 1997, Mr. Easley, on behalf of Mr. Ross, apparently recognizing that the February orders were possibly ineffective as they were entered more than ninety days after the September 1996 order of dismissal, moved to amend corrected orders, stating, in part, the following:

> Subsequent to September 18, 1996, and after ninety (90) days, the Court entered two (2) separate orders, one filed February 5 and the other filed February 6, 1997, correcting the Order of September 18, 1996. Neither the February 5, 1997, nor February 6, 1997, Order proposes to dismiss Defendant, Southern Farm Bureau Casualty Insurance Company. Plaintiff requests a third Order be entered *nunc pro tunc* to reflect that Defendant, Southern Farm Bureau Insurance Company is not dismissed from the case.

At a hearing held on April 11, 1997, the Trial Court considered Southern Farm's motion to extend the time to file its notice of appeal and the motion of Mr. Osbourne and Mr. Vanoven to amend the February orders. The resulting order granted Southern Farm's motion for an extension to file its notice of appeal. On April 24, 1997, Southern Farm filed its Notice of Appeal in which it appealed the February orders. On June 10, 1997, the Trial Court entered an order in which it denied Mr. Ross's Motion to Amend the Corrected Orders, stated that Mr. Ross's motion to correct the September 18, 1996 order would be in accordance

with Ark. R. Civ. P. 60(a) and (b) and not (c), and set aside the February 5 and 6 orders as improper because the 90-day period to amend or correct the September 18 order had expired when the February orders were entered, and thus the Trial Court lacked jurisdiction.

On June 16, 1997, Mr. Ross filed his Notice of Appeal with respect to the June 10, 1997 order.

■ The issue in both Mr. Ross's appeal and Southern Farm's appeal is whether the Trial Court had lost jurisdiction to modify its September 1996 order in view of the passage of more than ninety days from the date it was entered. According to Ark. R. Civ. P. 60(a), the Trial Court has the power "at any time" to correct "clerical mistakes in judgments, orders or other parts of the record and errors therein arising from oversight or omission." Rule 60(b), however, contains this language:

> To correct any error or mistake or to prevent the miscarriage of justice, a decree or order of a circuit, chancery, or probate court may be modified or set aside on motion of the court or any party, with or without notice to any party, within ninety days of its having been filed with the clerk.

*See Slaton v. Slaton*, 330 Ark. 287, 956 S.W.2d 150 (1997) ("[W]e have held that a trial court loses jurisdiction to set aside or modify an order pursuant to Ark. R. Civ. P. 60(b) if it does not do so within ninety days of the entrance of the original order.").

■ In *Phillips v. Jacobs*, 305 Ark. 365, 807 S.W.2d 923 (1991), we held that the reference to "miscarriage of justice" in Rule 60(b) is to those clerical errors or mistakes described in Rule 60(a), and we applied the ninety-day limit. Thus, the ninety-day requirement in Rule 60(b) applies to clerical errors.

■ There is some doubt whether the error in this case is properly characterized by the parties as "clerical." Whether it was a clerical error or some other type of oversight, Rule 60(b)'s ninety-day limit on modification applies, and the Trial Court lost jurisdiction to amend the order of dismissal ninety days after the September order was entered.

Reversed and dismissed.