WAL-MART STORES, INC. *v.* Earnestine TAYLOR

00-220                                    57 S.W.3d 158

Supreme Court of Arkansas
Opinion delivered October 11, 2001
[Petition for rehearing denied November 29, 2001.*]

* GLAZE, CORBIN, and IMBER, JJ., would grant.

*Butler, Hicky, Long & Harris*, by: *Phil Hicky*, for appellant.

*Roy C. "Bill" Lewellen*, for appellee.

Jim Hannah, Justice. Wal-Mart Stores, Inc. (Wal-Mart), appeals an order reinstating Earnestine Taylor's lawsuit. Taylor's lawsuit was dismissed in error by the circuit court for failure to prosecute under Ark. R. Civ. P. 41. There was no failure to prosecute at the time the lawsuit was dismissed. The case was set to be tried within a few weeks. This was the second dismissal of this action, and pursuant to Ark. R. Civ. P. 41(b), it operates as an adjudication on the merits. *Hartford Ins. Co. v. Mullinax*, 336 Ark. 335, 984 S.W.2d 812 (1999).

Taylor waited seventeen months after the dismissal before filing her motion to reinstate her case. Because this involves relief from a judgment or order issued in 1999, the 1999 version of Ark. R. Civ. P. 60 applies. The error at issue is a judicial error in entering the order of dismissal. The error is not a clerical error, and, therefore, there is no relief "any time" under Rule 60(a). This is an error that comes under then existing Rule 60(b), as a motion seeking relief from an order entered in error. The relief sought is modification of an order or judgment to prevent a miscarriage of justice, and, as such, it had to be filed within ninety days of the dismissal. This was not done. The trial court had no jurisdiction to entertain the motion to reinstate the case. Therefore, this case is reversed and dismissed.

*Facts*

On January 16, 1989, Earnestine Taylor was shopping at Wal-Mart. She alleges she was knocked into a display and injured by a Wal-Mart employee who was in pursuit of a shoplifter. Taylor filed a lawsuit in St. Francis County in 1991, which was CIV91-75. This case was assigned to Judge Harvey Yates. During trial on June 4, 1996, Taylor sought and received a dismissal without prejudice. On November 21, 1996, Taylor re-filed her lawsuit in St. Francis County, which was CIV96-358. This time the case was assigned to Judge L.T. Simes, II.

The parties were prosecuting the action under CIV96-358 in Judge Simes's court when the St. Francis Clerk's office generated a notice in CIV91-75 that under Ark. R. Civ. P. 41(b) there had been no action in the last twelve months. This notice was in error because CIV91-75 had been non-suited. Nonetheless, the notice in CIV91-75 was sent by the clerk's office to Judge Yates on November 25, 1997. As a consequence of that, Judge Yates issued an order

to show cause why CIV91-75 should not be dismissed. On December 3, 1997, Judge Yates entered an order vacating his November 25, 1997, dismissal of CIV91-75. It appears that shortly thereafter, the St. Francis Clerk's office sent an identical notice under Ark. R. Civ. P. 41(b), again to Judge Yates, but this notice was on CIV96-358. On December 17, 1997, an order to show cause why CIV96-358 should not be dismissed was entered. The notice gave the plaintiff ten days to show why the case should not be dismissed under Rule 41(b) due to inactivity for the past twelve months. The notice from the clerk's office on CIV96-358 was in error because the case was set to be tried within a few weeks.

Nothing was done in the ten days, and CIV96-358 was dismissed. Correspondence in the case shows counsel was aware of the dismissal. No motion to vacate was filed within ninety days. A motion was not filed until June 4, 1999, about seventeen months after the dismissal. The trial court, however, granted the motion to reinstate the case and the order dismissing it was vacated. Wal-Mart now appeals that decision.

## Appealable Order

■■ The order vacating the order of dismissal is an appealable order. This was the second dismissal of this cause of action, and pursuant to Ark. R. Civ. P. 41(b), it operates as an adjudication on the merits. *Mullinax, supra.* The final judgment was vacated more than ninety days after it was entered, and, therefore, the order is appealable because it determines the outcome in the equivalent of an independent action setting aside the judgment. *Lamb v. JFM, Inc.,* 311 Ark. 89, 842 S.W.2d 10 (1992).

## Flagrantly Deficient Abstract

■■ Taylor argues that the abstract is flagrantly deficient because it does not contain the affidavit of Stacy White, Judge Yates's case coordinator. This court will affirm based on a flagrantly deficient abstract. *Greene v. Pack,* 343 Ark. 97, 32 S.W.3d 482 (2000). White's affidavit does not appear in the record. Apparently, White's affidavit was not introduced. This case was sent back for the record to be supplemented at the request of Taylor, and White's affidavit was not included in the supplemented record. Therefore, it could not appear in the abstract. There is no merit to this issue.

## Rule 60

We note at the outset that Rule 60 was modified in 2000 to reflect this court's holding in *Lord v. Manzzanti,* 339 Ark. 25, 2 S.W.2d 76 (1999), wherein this court found that "clerical mistakes" under then existing subdivision (a) could be corrected at any time, overruling any contrary language in *Ross v. Southern Farm Bureau Cas. Ins. Co.,* 333 Ark. 227, 968 S.W.2d 622 (1998). In 2000, discussion of "clerical errors" was moved from paragraph (a) to paragraph (b). The discussion of vacation or modification of judgments and orders to prevent the miscarriage of justice was moved from paragraph (b) to paragraph (a).

In the case before us, Taylor did not attempt to vacate the order of dismissal until seventeen months had passed. This is significant because if the error is not clerical, but rather an error by the court, then the trial court was without jurisdiction to entertain the motion and enter the order reinstating the case in 1999. The first issue we must decide then is whether the error was a clerical error or misprision. In *Manzzanti, supra,* this court held that under then-existing Ark. R. Civ. P. 60(a), a clerical error could be corrected at any time, even after ninety days have passed. It does not appear the error in this case was a clerical error or misprision.

This court in *Ross, supra,* discussed a somewhat similar problem to the one we now face. In *Ross,* some claims, but not all, were settled. However, an order was entered dismissing all claims with prejudice. Then, as in this case, more than ninety days passed before the court entered a corrected order. In *Ross,* this court found that the ninety-day rule applied. The case was reversed. This court in *Manzzanti* clarified *Ross,* stating that the error in *Ross* was non-clerical, and, therefore, one that was subject to the ninety-day limitation.

■■ Thus, where an order is entered by the court in error, it is not a clerical error. In the case before us, an order was entered by the court in error. The law is clear that not only must an order modifying a judgment be entered within ninety days of the original order, but the trial court loses the authority to modify an original order under Ark. R. Civ. P. 60 after the expiration of ninety days from the entry of that first order. *Griggs v. Cook,* 315 Ark. 74, 864 S.W.2d 832 (1993); *Ware v. Gardner,* 309 Ark. 148, 827 S.W.2d 657 (1992); *City of Little Rock v. Ragan,* 297 Ark. 525, 763 S.W.2d 87

(1989); *Diebold v. Myers Gen. Agency, Inc.*, 292 Ark. 456, 731 S.W.2d 183 (1987).

■■ *Ware* is also on point. Therein, the court considered the question of whether a trial court could vacate an order dismissing an action for failure to prosecute more than ninety days after the order of dismissal. This court held that a trial court could not vacate an order dismissing under Rule 41 after more than ninety days. The same holds true in the case before us. The order at issue was entered without question more than ninety days after the dismissal. There was no power in the circuit judge to act at this belated time. The order reinstating the case, therefore, was void.

Taylor failed to move to vacate the judgment within ninety days, and the court was without jurisdiction to entertain the motion.

Reversed and dismissed.

CORBIN, J., not participating.