NEW HOLLAND CREDIT COMPANY, LLC *v.*
Larry HILL

04-1157                                     208 S.W.3d 191

Supreme Court of Arkansas
Opinion delivered May 12, 2005

*Nixon & Light*, by: *Clinton D. McGue*, for appellant.

*Bill R. Holloway*, for appellee.

ANNABELLE CLINTON IMBER, Justice. The Chicot County Circuit Court granted Appellee Larry Hill's motion to set aside a summary judgment more than seven months after the judgment was originally entered against him. Appellant New Holland Credit Company, LLC, claims on appeal that the circuit court abused its discretion in determining that it had jurisdiction under Ark. R. Civ. P. 60 (2004) to set aside the summary-judgment order. We agree and reverse and remand.

This case was certified to us by the Arkansas Court of Appeals pursuant to Ark. Sup. Ct. R. 1-2(b)(6), as it involves the construction of the Arkansas Rules of Civil Procedure. When an order setting aside a judgment is entered by a circuit court more than ninety days after the judgment was originally filed, it is a final and appealable order. *Schueck Steel, Inc. v. McCarthy Bros. Co.*, 289 Ark. 463, 717 S.W.2d 816 (1986). It is within the discretion of the circuit court to determine whether it has jurisdiction under Rule 60 to set aside a judgment, and the question on appeal becomes whether there has been an abuse of that discretion. *Burns v. Madden*, 271 Ark. 572, 609 S.W.2d 55 (1980); *Hendrix v. Hendrix*, 26 Ark. App. 283, 764 S.W.2d 472 (1989).

The relevant dates in the case are as follows:

- February 26, 2003 — New Holland filed a complaint against Appellee Larry Hill for the remaining balance of $145,668.37 owed under a retail installment sale contract for the purchase of certain farm equipment.

- April 3, 2003 — Hill filed an answer and a counterclaim.

- April 11, 2003 — New Holland filed a response to Hill's answer and counterclaim.

- June 3, 2003 — New Holland filed requests for admissions.

- July 30, 2003 — New Holland mailed a motion for summary judgment and brief in support to Hill's counsel.

- August 6, 2003 — Hill filed a motion for extension of time to respond to the request for admissions received by his counsel on June 9, 2003.

- August 15, 2003 — New Holland mailed a letter to the circuit clerk's office requesting that the motion for summary judgment and brief in support be filed. A copy of this letter was also mailed to Hill's counsel.

- August 19, 2003 — New Holland filed a response to Hill's earlier motion for extension of time.

- August 20, 2003 — New Holland's motion for summary judgment and brief in support was filed.

- November 24, 2003 — New Holland mailed a letter to the circuit court inquiring about the status of its motion for summary judgment filed in August. A copy of this letter was also mailed to Hill's counsel.

- December, 2, 2003 — Order entered granting summary judgment, with notation that copies were mailed to the parties on December 4, 2003.

- December 12, 2003 — Hill filed his response to New Holland's requests for admissions.

- March 22, 2004 — Hill discovered that a summary-judgment order had been entered on December 2, 2003.

- April 23, 2004 — Hill filed a motion to set aside judgment and brief in support.

- May 6, 2004 — New Holland filed its response to the motion to set aside judgment.

- July 13, 2004 — Order entered granting the motion to set aside judgment.

- August 5, 2004 — New Holland's notice of appeal timely filed.

In his motion to set aside judgment, Hill enumerated the following arguments in support of his claim that the circuit court had jurisdiction under Ark. R. Civ. P. 60 to set aside the summary judgment: (1) neither Hill nor his counsel received a copy of the summary judgment motion and thus had no opportunity to respond; (2) Hill's due process rights were violated when no

notice, actual or constructive, was served on Hill; (3) a misprision of the clerk occurred when the clerk failed to forward a file-marked copy of the signed order to Hill; (4) there was misrepresentation or fraud upon the court due to Hill's not receiving notice of a hearing on the summary judgment motion, as required by Ark. R. Civ. P. 56; (5) Hill's equal protection and due process rights were denied when there was no hearing on the issue of damages; and (6) Hill's counsel had been ill during the fall and winter of 2003. In response, New Holland insisted that Rule 60 did not provide the court with any authority to set aside the summary-judgment order. The circuit court entered an order setting aside the summary-judgment order. New Holland now appeals that order, claiming that the circuit court abused its discretion.

Rule 60 of the Arkansas Rules of Civil Procedure states in part:

> (a) Ninety-Day Limitation. To correct errors or mistakes or to prevent the miscarriage of justice, the court may modify or vacate a judgment, order or decree on motion of the court or any party, with prior notice to all parties, within ninety days of its having been filed with the clerk.
>
> (b) Exception; Clerical Errors. Notwithstanding subdivision (a) of this rule, the court may at any time, with prior notice to all parties, correct clerical mistakes in judgments, decrees, orders, or other parts of the record and errors therein arising from oversight or omission. During the pendency of an appeal, such mistakes may be so corrected before the appeal is docketed in the appellate court and thereafter while the appeal is pending may be so corrected with leave of the appellate court.
>
> (c) Grounds for Setting Aside Judgment, Other Than Default Judgment, After Ninety Days. The court in which a judgment, other than a default judgment [which may be set aside in accordance with Rule 55(c)] has been rendered or order made shall have the power, after the expiration of ninety (90) days of the filing of said judgment with the clerk of the court, to vacate or modify such judgment or order:
>
> (1) By granting a new trial where the grounds therefor were discovered after the expiration of ninety (90) days after the filing of the judgment, or, where the ground is newly discovered evidence which the moving party could not have discovered in time to file a

motion under Rule 59(b), upon a motion for new trial filed with the clerk of the court not later than one year after discovery of the grounds or one year after the judgment was filed with the clerk of the court, whichever is the earlier; provided, notice of said motion has been served within the time limitations for filing the motion.

(2) By a new trial granted in proceedings against defendants constructively summoned, and who did not appear, upon a motion filed within two years after the filing of the judgment with the clerk of the court, or within one year after a certified copy of the judgment has been served upon the defendant, whichever shall be the earlier, upon security for costs being given; provided notice of the filing of said motion has been served upon the adverse party within the time limitations for filing the motion.

(3) For misprisions of the clerk.

(4) For misrepresentation or fraud (whether heretofore denominated intrinsic or extrinsic) by an adverse party.

(5) For erroneous proceedings against an infant or person of unsound mind where the condition of such defendant does not appear in the record, nor the error in the proceedings.

(6) For the death of one of the parties before the judgment in the action.

(7) For errors in a judgment shown by an infant within twelve (12) months after reaching the age of eighteen (18) years, upon a showing of cause.

(d) Valid Defense to Be Shown. No judgment against a defendant, unless it was rendered before the action stood for trial, shall be set aside under this rule unless the defendant in his motion asserts a valid defense to the action and, upon hearing, makes a prima facie showing of such defense.

Ark. R. Civ. P. 60(a) – (d) (2004).[1] Under Rule 60(a), a court may vacate or modify a judgment within ninety days from the date of

---

[1] As the Reporter's Notes indicate, Rule 60 has been revised several times. Under former subsection (c)(7) of Rule 60, a circuit court could set aside a judgment "[f]or unavoidable casualty or misfortune preventing the party from appearing or defending." *See*

filing. Ark. R. Civ. P. 60(a). The summary-judgment order was entered in this matter on December 2, 2003. The circuit court did not set aside the judgment until July 13, 2004, or 224 days after the entry of the summary-judgment order. Because more than ninety days had elapsed between entry of the original order and entry of the order granting Hill's motion to set aside judgment, the circuit court did not have the authority to exercise jurisdiction under subsection (a). Furthermore, the court here *vacated* the earlier order. Thus, the court was not acting pursuant to Ark. R. Civ. P. 60(b), which authorizes the court to correct clerical mistakes in the judgment "at any time."

The circuit court does, however, have the power to modify or vacate a judgment more than ninety days after entry of the judgment for reasons other than to correct a clerical error only under the following conditions: (1) granting a new trial based upon newly discovered evidence; (2) granting a motion for new trial in proceedings against a constructively summoned defendant; (3) for misprisions of the clerk; (4) for misrepresentation or fraud; (5) for erroneous proceedings against an infant or incompetent; (6) for the death of a party prior to judgment; or (7) for errors in judgment shown by an infant within twelve months of reaching majority. Ark. R. Civ. P. 60(c); *Taylor v. Zanone Properties*, 342 Ark. 465, 30 S.W.3d 74 (2000). We have reiterated that under subsection (c), a circuit court may modify or set aside its order beyond the ninety-day limitation only if these specifically enumerated conditions listed in Rule 60(c) exist. *Slaton v. Slaton*, 330 Ark. 287, 956 S.W.2d 150 (1997).

■■ It is apparent from the record that the circuit court's jurisdiction to vacate its summary- judgment order is not premised upon subsections (5), (6), and (7) of Rule 60(c). Our review is therefore limited to subsections (1), (2), (3) and (4) of Rule 60(c). Under Ark. R. Civ. P. 60(c)(1), a new trial may be granted and a prior order set aside where the grounds were discovered after the expiration of the ninety-day limitation, or, where the ground is newly discovered evidence which the moving party could not have discovered in time to file a motion under Ark. R. Civ. P. 59(b). In his motion to set aside judgment, Hill argued that he

*Diebold v. Myers General Agency, Inc.*, 292 Ark. 456, 731 S.W.2d 183 (1987); *Puterbaugh v. Trussell*, 276 Ark. 525, 637 S.W.2d 559 (1982). That subsection was deleted in 1990 in order to eliminate any overlap with Ark. R. Civ. P. 55, which is the rule governing a circuit court's jurisdiction to set aside default judgments.

never received the motion for summary judgment and "thus had no opportunity to respond; grounds for setting aside were not discovered until after ninety days from date of judgment." The substance of this argument belies the applicability of Rule 59. The purpose of that rule is to afford relief in the form of a new trial after the case has been tried, not after disposition by summary judgment. Furthermore, Hill's argument is not one of the specifically enumerated grounds for seeking a new trial under Rule 59.[2] Hill also submitted affidavits indicating that his counsel's office had experienced ongoing mail-service problems. Despite these purported mail-service problems, Hill's counsel could have protected Hill's interests by checking the court's records on the status of the case. Thus, grounds for setting aside the judgment could have been discovered before the expiration of ninety days after the filing of the summary judgment. We have said that a party is not entitled to relief under Rule 60(c) if diligence has not been exercised in protecting his or her interests. *Jones-Blair Co. v. Hammett*, 326 Ark. 74, 930 S.W.2d 335 (1996). We therefore conclude that Hill was not entitled to relief under Rule 60(c)(1).

■ Under subsection (c)(2) of Rule 60, the circuit court has jurisdiction to grant a new trial in proceedings where the defendant has been constructively summoned, and "who did not appear, upon a motion filed within two years after the filing of the

---

[2] Ark. R. Civ. P. 59 states in part:

(a) Grounds. A new trial may be granted to all or any of the parties and on all or part of the claim on the application of the party aggrieved, for any of the following grounds materially affecting the substantial rights of such party: (1) any irregularity in the proceedings or any order of court or abuse of discretion by which the party was prevented from having a fair trial; (2) misconduct of the jury or prevailing party; (3) accident or surprise which ordinary prudence could not have prevented; (4) excessive damages appearing to have been given under the influence of passion or prejudice; (5) error in the assessment of the amount of recovery, whether too large or too small; (6) the verdict or decision is clearly contrary to the preponderance of the evidence or is contrary to the law; (7) newly discovered evidence material for the party applying, which he could not, with reasonable diligence, have discovered and produced at the trial; (8) error of law occurring at the trial and objected to by the party making the application. On a motion for a new trial in an action tried without a jury, the court may open the judgment if one has been entered, take additional testimony, amend findings of fact and conclusions of law or make new findings and conclusions, and direct the entry of a new judgment.

judgment with the clerk of the court . . . ." This subsection is not apposite because Hill was not constructively summoned to appear in these proceedings. In any event, Hill was put on notice of the outstanding motion for summary judgment and, thus, his due process rights were not violated. Under Ark. R. Civ. P. 5 (2004), "[s]ervice by mail is presumptively complete upon mailing . . . ." Both the motion and the brief reflect that copies were mailed to Hill's counsel. The court's order also contains a notation that copies of the order were mailed to both parties. At all relevant times, the circuit court's record accurately reflected the filing of New Holland's motion for summary judgment. Based on these facts, we cannot say that Hill's due process rights were violated in any way. In sum, it is clear that there is no authority for the circuit court to vacate the order for summary judgment under subsection (c)(2).

■ Pursuant to Rule 60(c)(3), a circuit court can set aside a judgment for "misprisions of the clerk." According to Black's Law Dictionary, clerical misprision occurs when a court clerk's mistake or fraud is *apparent from the record*. *Black's Law Dictionary* 1021 (8th ed. 2004) (emphasis added). The circuit court clerk, by affidavit, averred that while she could not swear that the summary-judgment order had been mailed to Hill or his attorney, the file copy of the order reflected that copies were mailed by the clerk's office. Despite Hill's assertion that he never received a copy of the order, the record in fact indicates that copies were mailed on December 4, 2003. Thus, a court clerk's mistake or fraud is not apparent from the record. Absent any evidence of a "misprision of the clerk," the circuit court lacked authority to set aside the summary-judgment order under subsection (c)(3) of Rule 60.

■ Finally, a circuit court may set aside a judgment for "misrepresentation or fraud . . . by an adverse party." Ark. R. Civ. P. 60(c)(4). No evidence of misrepresentation or fraud is apparent from the record in this case. Consequently, the circuit court was without jurisdiction to vacate the order under subsection (c)(4).[3]

---

[3] Hill's remaining arguments are also without merit. Specifically, Hill asserted in his motion to set aside judgment that the order should be vacated because (1) his equal protection and due process rights had been denied when there was no hearing on the issue of damages and (2) his counsel had been ill during the fall and winter of 2003. These assertions fail to satisfy any of the conditions set forth in Rule 60(c).

For the above-stated reasons, we must conclude that the circuit court abused its discretion in determining that it had jurisdiction under Rule 60 to set aside the summary-judgment order. Accordingly, we reverse and remand with directions to the circuit court to reinstate the summary-judgment order.

Reversed and remanded.