Damiyan Lamar WATSON *v.* Gloria June CONNORS

07-208                                                      270 S.W.3d 826

Supreme Court of Arkansas
Opinion delivered January 10, 2008

*Eubanks, Baker & Schulze,* by: *J. G. "Gerry" Schulze,* for appellant.

*Matthews, Sanders & Sayes,* by: *Doralee I. Chandler* and *Roy Gene Sanders,* for appellee.

TOM GLAZE, Justice. This appeal asks whether an order of dismissal entered pursuant to Ark. R. Civ. P. 41(b) — but entered without notice to the parties — constitutes a "clerical error" that can be corrected at any time pursuant to Ark. R. Civ. P. 60(b).

Appellant Damiyan Watson and Appellee Gloria Connors were involved in an automobile accident on January 19, 2001. After filing his initial complaint, Watson took a voluntary nonsuit of the action on September 16, 2002. On August 19, 2003, Watson

filed another complaint against Connors, and Connors filed her answer on September 9, 2003. No further action was taken in the case, and on March 3, 2005, the Pulaski County Circuit Court entered an order dismissing the case "for lack of action in accordance with Rule 41(b) of the Arkansas Rules of Civil Procedure, all requirements thereof having been accomplished."

On November 6, 2006, Watson filed a motion to set aside the order of dismissal, alleging that he did not learn of the order of dismissal until he requested a trial setting.[1] He further contended that, although the order recited that compliance had been had with Rule 41(b), the record on file with the Pulaski County Circuit Clerk's office contained no indication that the court had sent notice to the parties of the pending dismissal.[2] Because of the court's failure to provide such notice, Watson argued that the case should be reinstated pursuant to Ark. R. Civ. P. 60(b). Connors responded on November 13, 2006, denying that Rule 60(b) could afford Watson any relief.

The trial court entered an order on November 29, 2006, denying Watson's motion to set aside the dismissal. In its order, the court found that, pursuant to Rule 60(b), it lacked jurisdiction to modify or vacate the earlier order. Citing *Wal-Mart Stores, Inc. v. Taylor*, 346 Ark. 259, 57 S.W.3d 158 (2001), the court found that "where an order is entered by a court in error, such entry is not considered a clerical error, and the court loses the authority to modify or vacate that order after ninety days." Watson filed this appeal on December 13, 2006, and continues his argument that the trial court should have set aside the Rule 41 dismissal.

It is within the discretion of the circuit court to determine whether it has jurisdiction under Rule 60 to set aside a judgment, and the question on appeal becomes whether there has been an abuse of that discretion. *See New Holland Credit Co. v. Hill*, 362 Ark. 329, 208 S.W.3d 191 (2005); *Burns v. Madden*, 271 Ark. 572, 609 S.W.2d 55 (1980); *Hendrix v. Hendrix*, 26 Ark. App. 283, 764 S.W.2d 472 (1989).

---

[1] In her response to Watson's motion to set aside the order of dismissal, Connors asserted that she learned of the dismissal on October 27, 2005, when she called to request a trial setting. Upon being informed that the court had dismissed the case some seven months earlier, Connors's attorney closed the file on her case on November 3, 2005.

[2] Watson attached affidavits from his attorney and two paralegals at the attorney's law firm; all of the affidavits averred that no one had ever received correspondence from the court indicating an intent to dismiss the matter pursuant to Rule 41.

As stated above, the trial court dismissed Watson's complaint for want of prosecution pursuant to Ark. R. Civ. P. 41(b), which provides as follows:

> In any case in which there has been ... no action shown on the record for the past 12 months, the court shall cause notice to be mailed to the attorneys of record, and to any party not represented by an attorney, that the case will be dismissed for want of prosecution unless on a stated day application is made, upon a showing of good cause, to continue the case on the court's docket. A dismissal under this subdivision is without prejudice to a future action by the plaintiff unless the action has been previously dismissed, whether voluntarily or involuntarily, in which event such dismissal operates as an adjudication on the merits.

At issue here is whether the court's failure to send the notice required by Rule 41(b) constituted a "clerical error" as contemplated by Ark. R. Civ. P. 60(b), such that the court could have corrected that error "at any time." Rule 60(b) provides, in pertinent part, that, "[n]otwithstanding subdivision (a) of this rule, the court may *at any time*, with prior notice to all parties, *correct clerical mistakes in judgments, decrees, orders, or other parts of the record and errors therein arising from oversight or omission.*" (Emphasis added.)

Watson argues that the Rule 41(b) dismissal without notice constituted either a "clerical error" or an "error[ ] . . . arising from oversight or omission." A "clerical error," according to *Black's Law Dictionary*, is an "error resulting from a minor mistake or inadvertence, esp[ecially] in writing or copying something on the record, and not from judicial reasoning or determination." *Black's Law Dictionary* 581 (8th ed. 2004). *Black's* provides some examples of clerical errors, listing errors such as "omitting an appendix from a document; typing an incorrect number; mistranscribing a word; and failing to log a call." *Id.*

This court has held that "where an order is entered by the court in error, it is not a clerical error." *Wal-Mart Stores, Inc. v. Taylor*, 346 Ark. 259, 263, 57 S.W.3d 158, 161 (2001). In *Taylor*, the plaintiff, Taylor, brought a personal-injury case in 1991 in St. Francis County Circuit Court, where the matter was assigned to a judge and given the docket number CIV91-75. Taylor later obtained a dismissal without prejudice during trial in June of 1996. When Taylor refiled her complaint five months later, it was assigned to a different judge with a docket number of CIV96-358.

Despite the matter being assigned to a different court, the St. Francis County Clerk's office generated a notice under CIV91-75 that there had been no action in the case for more than twelve months. For some reason, the clerk's office later generated an identical notice, but this one reflected the CIV96-358 docket number and gave Taylor ten days to show why the case should not be dismissed. *Taylor*, 346 Ark. at 261-62, 57 S.W.3d at 160. Nothing happened within that ten days, and the court dismissed CIV96-358. Seventeen months after the dismissal, Taylor filed a motion to vacate the order of dismissal. The trial court granted the motion and reinstated the case, and Wal-Mart appealed, arguing that Taylor's motion to vacate the order of dismissal was untimely *Id.* at 262, 57 S.W.3d at 160.

On appeal, this court pointed out that Rule 60 had been modified in 2000 to reflect this court's holding in *Lord v. Mazzanti*, 339 Ark. 25, 2 S.W.3d 76 (1999), wherein the court held that "clerical mistakes" under then-existing subdivision (a) could be corrected at any time. In the amendment to Rule 60, the discussion of "clerical errors" was moved from paragraph (a) to paragraph (b), and the discussion of vacation or modification of judgments and orders to prevent the miscarriage of justice was moved from paragraph (b) to paragraph (a). *Taylor*, 346 Ark. at 263, 57 S.W.3d at 160-61. The court then wrote as follows:

> In the case before us, Taylor did not attempt to vacate the order of dismissal until seventeen months had passed. This is significant because *if the error is not clerical, but rather an error by the court, then the trial court was without jurisdiction to entertain the motion and enter the order reinstating the case in 1999.* The first issue we must decide then is whether the error was a clerical error or misprision. In *Mazzanti*, *supra*, this court held that under then-existing Ark. R. Civ. P. 60(a), a clerical error could be corrected at any time, even after ninety days have passed. *It does not appear the error in this case was a clerical error or misprision.*

*Id.* at 263, 57 S.W.3d at 161 (emphasis added).

■ In the present appeal, Watson argues that *Taylor* is inapplicable to his situation, because it was decided under the pre-*Mazzanti* version of Rule 60. *See Taylor*, 346 Ark. at 261, 57 S.W.3d at 159 (holding that, because the matter involved relief from a judgment or order issued in 1999, the 1999 version of Ark. R. Civ. P. 60 applied). Watson urges that the result in this case

would have been different had this dismissal taken place before the 2000 amendment. However, the language permitting a clerical error to be corrected "at any time" appears in both the 1999 version of the rule, *see* Ark. R. Civ. P. 60(a) (1999),[3] and in versions of the rule after 2000. *See, e.g.*, Ark. R. Civ. P. 60(b) (2007). The Addition to the Reporter's Notes concerning the 2000 amendment makes the purpose of the amendment clear:

> This amendment is consistent with *Lord v. Mazzanti, supra*. As amended, subdivision (a) is a slightly modified version of former subdivision (b). It states the general rule that the court may, with prior notice to all parties, modify a judgment, decree or order within 90 days of its filing with the clerk to "correct errors or mistakes or to prevent the miscarriage of justice." Revised subdivision (b) expressly states an exception for "clerical mistakes" and errors "arising from oversight or omission," which may be corrected at any time with prior notice to all parties.

Thus, the language in *Taylor* stating that "where an order is entered by the court in error, it is not a clerical error," was not affected by the amendment to Rule 60. The effect of the rule is the same; it is only clerical errors that may be corrected at any time. Stated another way, when the error is not a clerical error, it cannot be corrected "at any time," but must be corrected within the ninety days provided in Rule 60(a), which allows for corrections of "errors or mistakes or to prevent the miscarriage of justice."

Our conclusion is bolstered by the fact that, in *Lord v. Mazzanti*, this court noted that the then–Rule 60(a) (now Rule 60(b)) was "merely a restatement of Arkansas's well-settled law, empowering a trial court to enter *nunc pro tunc* judgments *to cause the record to speak the truth*." *Lord v. Mazzanti*, 339 Ark. at 28, 2 S.W.3d at 78 (emphasis added). The *Lord* court further commented that the rule embodies "a trial court's power to correct mistakes or errors . . . to make the record speak the truth, *but not to make it speak what it did not speak but ought to have spoken*." *Id.* at 29, 2 S.W.3d at 79 (emphasis added). In this case, to "correct" the trial court's error in the manner Watson suggests would be making the record speak

---

[3] The 1999 version of Rule 60(a) provided, in pertinent part, that "[c]*lerical mistakes* in judgments, orders, or other parts of the records and errors therein arising from oversight or omission *may be corrected by the court at any time* on its own motion or on the motion of any party and after such notice, if any, as the court orders." (Emphasis added.)

what it did not speak but ought to have spoken. *Cf. Fritzinger v. Beene*, 80 Ark. App. 416, 421, 97 S.W.3d 440, 442 (2003) (Rule 60(a), as amended in 2000, allows the trial court not only to correct errors or mistakes, but also to "prevent the miscarriage of justice," a phrase that is not limited to clerical errors; a "trial court has broad authority to correct non-clerical errors or mistakes so as to prevent the miscarriage of justice" within ninety days).

Moreover, to the extent that Watson argues that the failure to notify him of the order of dismissal "effectively dispossessed [him] of any opportunity to contest the entry of the order until the existence of the dismissal order was made known" to him, it should be pointed out that every party and attorney bears a degree of responsibility for keeping up with the posture of his or her case. This court has held that it is "well settled that a judgment will not be vacated where the party against whom it is rendered totally fails to show legal diligence." *See Anderson v. Melton*, 222 Ark. 892, 895, 263 S.W.2d 909, 911 (1954). A party's lack of diligence is "significant . . . to our consideration of the question of abuse of discretion." *See Jetton v. Fawcett*, 264 Ark. 69, 74, 568 S.W.2d 42, 45 (1978) (citing *Awbrey v. Hoopes*, 145 Ark. 502, 224 S.W 959 (1920)).

It is true that the language of Rule 41(b) provides that a court "shall cause notice to be mailed to the attorneys of records," and we have consistently construed the word "shall" to mean mandatory compliance. *See, e.g., Aikens v. State*, 368 Ark. 641, 195 S.W.3d 903 (2007); *Ray & Sons Masonry Contractors, Inc. v. U.S. Fid. & Guar. Co.*, 353 Ark. 201, 114 S.W.3d 189 (2003). However, we have also stated that, even in the face of language mandating that a court "shall" take a given action, an attorney is nonetheless not relieved of acting diligently. *See ARKCO Corp. v. Askew*, 360 Ark. 222, 200 S.W.3d 400 (2005) (noting that, even though a court is mandatorily required to grant an extension of time to file a notice of appeal when the attorney has not received notice of the entry of the ordered appealed from, the rule "[did] not, however, relieve an attorney of acting diligently").

Here, after the filing of the complaint, Watson and his counsel failed to contact the court for a status update or a trial setting, or, apparently, for any other reason for *over three years*. (The complaint was filed on August 19, 2003, and the motion to set aside the order of dismissal was filed on November 6, 2006.) This court will not countenance Watson's lack of diligence by allowing him to set aside an order of dismissal in a case in which, by all

appearances, he had no interest for over three years, especially when the error is not one that could be corrected "at any time" under Rule 60(b).

Although Watson complains of the "obvious" "unfairness of the circumstances," the Supreme Court has held that the "adequacy of notice and hearing respecting proceedings that may affect a party's rights turns, to a considerable extent, on the knowledge which the circumstances show such party may be taken to have of the consequences of his own conduct." *Link v. Wabash Railroad Co.*, 370 U.S. 626, 633 (1962). Here, Watson took no interest or action in his case for over three years. Because Watson and his attorney should have been aware of the circumstances (and of the possibility that the case might be dismissed pursuant to Rule 41(b) for failure to prosecute), it cannot be said that the trial court abused its discretion in denying Watson's motion to set aside the order of dismissal.[4]

---

[4] Watson briefly raises a due-process argument in his brief; however, he did not raise this argument in his pleadings before the trial court, and he is accordingly barred from raising it now. *See Qualls v. White*, 342 Ark. 681, 30 S.W.3d 735 (2000).