2011 Ark. App. 609
**Brandy PINTO, Appellant**
v.
**John SIMS and Tasha Sims, Appellees.**
**No. CA 11–241.**

Court of Appeals of Arkansas.

Oct. 12, 2011.

Terence C. Jensen, Benton, for appellant.

David Carl Hawkey, Little Rock, for appellee.

ROBERT J. GLADWIN, Judge.

The issue before us is whether the trial court abused its discretion in setting aside its dismissal order pursuant to Arkansas Rule of Civil Procedure 60 (2010). We hold that, under a strict application of Rule 60, to set aside the order was an abuse of discretion and reverse the trial court's ruling.

Appellees John and Tasha Sims filed a complaint for breach of contract against John Pinto and appellant Brandy Pinto in Saline County Circuit Court on November 5, 2008. Appellees sought damages against the Pintos related to a residential-construction contract wherein the Pintos agreed to manage the construction of the appellees' house. Appellees alleged in their complaint that they paid the Pintos $60,000 to purchase building materials and subcontract for labor to build the house and that the Pintos failed to pay for the labor or materials.

On January 20, 2009, John Pinto's attorney filed a motion to be relieved from representing both John and Brandy Pinto.[1] On February 10, 2009, an order was filed granting the attorney's request to be relieved. The trial court granted appellees' motion to have requests for admission deemed admitted on May 20, 2009. On October 7, 2009, appellees' attorney moved to withdraw as counsel, and he was relieved by order filed October 20, 2009.

Because there was no longer an attorney of record for either party and no recent activity in the case, the trial court sent the parties a letter in December 2009 indicating that the case would be dismissed if there was not a notification in writing prior to December 30, 2009. On December 17, 2009, David C. Hawkey filed an entry of appearance on behalf of appellees. However, "due to inactivity herein and after notice no objection being offered," an order of dismissal without prejudice was signed and filed on December 30, 2009. Neither party was notified of the dismissal order.

On February 25, 2010, appellees filed a motion for summary judgment based on the admissions of the Pintos, and a hearing was set for April 28, 2010. On May 4, 2010, the case was transferred from second division to fourth division in Saline County Circuit Court.[2] The Pintos failed to appear at the hearing, and on June 4, 2010, the trial court granted summary judgment to appellees based on the record. The final judgment included in the summary-judgment order against the Pintos was $83,117.85.

In order to enforce the judgment, appellees filed a writ of garnishment on appellant Brandy Pinto's employer. On October 5, 2010, the trial court filed an order

---

1. Attorney David A.F. McCoy filed an answer on behalf of defendant John Pinto. Appellees filed a motion for default judgment against appellant Brandy Pinto based on her failure to file an answer after having been duly served with the summons and complaint and a motion to strike defendant John Pinto's answer because it was filed one day late. The corresponding rulings are not reflected in the record presented.

2. Judge Gary Arnold, second division circuit judge in Saline County, realized that he knew one of the parties and recused himself from the case, transferring it to Judge Robert Herzfeld.

setting aside the dismissal order filed December 30, 2009. The order stated that the dismissal order had been "entered in clerical error." On October 12, 2010, a motion to set aside was filed by appellant, wherein she argued that because the case had been dismissed on December 30, 2009, the trial court should vacate and declare void any proceeding held thereafter, including the order granting summary judgment.

The trial court entered an order on November 23, 2010, granting appellant's motion to set aside its order of October 5, 2010, wherein the trial court had vacated its December 30, 2009 dismissal order. However, the trial court entered a new order setting aside the December 30, 2009 dismissal order, describing it as an accidental dismissal. The order states in part:

> This is a fairly standard contract case which is unremarkable except that an error by the court resulted in the accidental entry of an Order of Dismissal which did not result in the actual closure of the case; was not recognized by the Court or any party during the remaining pendency of the action; and was only brought to light after the Plaintiff had taken action to enforce the final judgment through garnishing the wages of the defendant Brandy Pinto. The question before the court is whether the Court's own error can be used to invalidate a judgment which would otherwise have been proper under the law.

The trial court's order cites *McGibbony v. McGibbony*, 12 Ark.App. 141, 671 S.W.2d 212 (1984), and *Harrison v. Bradford*, 9 Ark.App. 156, 655 S.W.2d 466 (1983), and is premised on its inherent power to enter orders correcting its judgments to make them speak the truth and to reflect its actions accurately.

Appellant filed a motion for reconsideration on December 6, 2010, and the trial court denied it by order filed December 10, 2010. This appeal timely followed.

Arkansas Rule of Civil Procedure 60 provides in pertinent part as follows:

(a) Ninety–Day Limitation. To correct errors or mistakes or to prevent the miscarriage of justice, the court may modify or vacate a judgment, order or decree on motion of the court or any party, with prior notice to all parties, within ninety days of its having been filed with the clerk.

(b) Exception; Clerical Errors. Notwithstanding subdivision (a) of this rule, the court may at any time, with prior notice to all parties, correct clerical mistakes in judgments, decrees, orders, or other parts of the record and errors therein arising from oversight or omission. During the pendency of an appeal, such mistakes may be so corrected before the appeal is docketed in the appellate court and thereafter while the appeal is pending may be so corrected with leave of the appellate court.

(c) Grounds for Setting Aside Judgment, Other Than Default Judgment, After Ninety Days. The court in which a judgment, other than a default judgment [which may be set aside in accordance with Rule 55(c)] has been rendered or order made shall have the power, after the expiration of ninety (90) days of the filing of said judgment with the clerk of the court, to vacate or modify such judgment or order:

. . .

(3) For misprisions of the clerk.

(4) For misrepresentation or fraud (whether heretofore denominated intrinsic or extrinsic) by an adverse party.

Ark. R. Civ. P. 60(a), (b) & (c)(3)-(4).

It is within the discretion of the circuit court to determine whether it has jurisdiction under Rule 60 to set aside a

judgment, and the question on appeal becomes whether there has been an abuse of that discretion. *See Watson v. Connors,* 372 Ark. 56, 270 S.W.3d 826 (2008); *New Holland Credit Co. v. Hill,* 362 Ark. 329, 208 S.W.3d 191 (2005); *Burns v. Madden,* 271 Ark. 572, 609 S.W.2d 55 (1980); *Hendrix v. Hendrix,* 26 Ark.App. 283, 764 S.W.2d 472 (1989).

Appellant contends that the trial court erred in setting aside its dismissal order of December 30, 2009, arguing that Rule 60 is inapplicable. Appellant maintains that Rule 60(a) does not apply, as the matter before the trial court was clearly outside the ninety-day time limitation. Further, she claims that Rule 60(b) does not apply because there is no evidence of clerical mistake, oversight, or omission. Finally, she argues that Rule 60(c) is inapplicable without further expansion of her argument.

She cites *Francis v. Protective Life Ins. Co.,* 371 Ark. 285, 265 S.W.3d 117 (2007), wherein the Arkansas Supreme Court explained that Rule 60 and case law provide that a circuit court can, at any time, correct clerical mistakes in order to make the record speak now what was actually done then. "This court has defined a true clerical error, one that may be corrected by nunc pro tunc order, as 'essentially one that arises not from an exercise of the court's judicial discretion but from a mistake on the part of its officers (or perhaps someone else).' *Luckes v. Luckes,* 262 Ark. 770, 772, 561 S.W.2d 300, 302 (1978)." *Id.* at 293, 265 S.W.3d at 123.

Appellant also cites *Harrison, supra,* where this court did not allow a trial court to modify a divorce decree under Rule 60:

Rule 60(a), which is merely a restatement of well settled law, has no application here. Courts have an inherent power to enter orders correcting their judgments where necessary to make them speak the truth and reflect actions accurately. This inherent authority has been recognized and sustained by this court in a long line of decisions from *King & Houston v. State Bank,* 9 Ark. 185 (1848) to the present. This power, however, is confined to correction of the record to the extent of making it conform to the action which was in reality taken at the time. It does not permit the change of a record to provide something that in retrospect should have been done but was not done. *Fitzjarrald v. Fitzjarrald,* 233 Ark. 328, 344 S.W.2d 584 (1961).

*Harrison,* 9 Ark.App. at 158, 655 S.W.2d at 468.

■ Appellant claims that there is no clerical error in the instant case to be corrected under Rule 60(b). She argues that the dismissal order was signed by the presiding judge and was filed of record with the circuit clerk. She contends that if appellees thought the dismissal order was entered as a result of an error or mistake, they had ninety days to present a motion to set aside the court's order under Rule 60(a). She asserts that, outside the ninety-day limitation, mistakes can only be corrected if they are clerical errors, which are caused by mistakes of the officers of the court who incorrectly record what actually took place before the court. She claims that the signing of the December 30, 2009 dismissal order was the action taken by the trial court and that it was not a mistake in recording, or inadvertence or mistake by an officer of the court in recording what actually happened. Therefore, she contends that the December 30, 2009 order cannot be set aside and that the trial court erred in so doing.

We agree. No matter how we torture the facts to fit within the remedy provided under Rule 60, we cannot in good conscience hold that Rule 60 is applicable herein. The Arkansas Supreme Court has

held that where an order is entered by the trial court in error, it is not a clerical error. *See Wal–Mart Stores, Inc. v. Taylor*, 346 Ark. 259, 57 S.W.3d 158 (2001).[3] As |₇stated in *Watson, supra,* it is only clerical errors that may be corrected at any time pursuant to Rule 60(b). While we understand and empathize with the trial court's procedure in maintaining its docket, we cannot hold, in light of *Watson,* that in doing so, a clerical error occurred. Thus, neither Rule 60(a) or (b) was an available remedy for the parties in this case because the trial court set aside the dismissal outside the ninety-day limitation, and the error was not clerical in nature.

Appellees cite *Gholson v. State,* 2009 Ark. App. 373, 308 S.W.3d 189, a criminal case that was erroneously dismissed by a nolle prosequi order then continued to hearing on the State's petition to revoke. On appeal, we stated that an order entered in error does not speak the truth, and courts have the power to enter an amended judgment and commitment order nunc pro tunc to correct an erroneous judgment. *Id.* There, a nolle prosequi order resulted from a mistake by an officer of the court, the prosecutor, by presenting the case to the trial judge as one of many ripe for dismissal after having no activity for a year. *Id.* After the case was dismissed, all parties proceeded as if the petition to revoke was pending because they were unaware of the nolle prosequi order. *Id.* We found no error in the trial court's setting aside of the nolle prosequi order. *Id.* Similar to the State's argument in *Gholson,* appellees assert that it was not an abuse of discretion for the trial court to set aside the accidental dismissal because substantial evidence indicates that nobody in-

volved with the case was aware that a dismissal was filed on December 30, 2009.

|₈Appellant contends that the distinguishing factor between the instant case and *Gholson* is that it was never the intention of the circuit judge to dismiss the criminal case against the defendant in *Gholson,* but it was the intention of the circuit court to dismiss the case at hand if no action was taken by the parties to prevent it. The trial court's error in overlooking the entry of appearance was not clerical in nature, and we agree that appellees had ninety days to ask the trial court to set aside the dismissal order based on the trial court's mistake.

■ Finally, appellees contend that the trial court properly set aside the accidental dismissal pursuant to Rule 60(c)(3) as a misprision of the clerk. They assert that the clerk continued to accept pleadings from them even after the dismissal order had been filed; that two letters were accepted within ninety days from the dismissal order; a motion for summary judgment was filed; the case was transferred on May 4, 2010; an affidavit of service was filed on May 7, 2010; a summary-judgment order was filed on June 4, 2010; and the clerk never realized that activity was being taken in a closed case. Appellees argue that the clerk's failure to close the case resulted in constructive fraud on the part of the clerk against them. Appellees contend that constructive fraud is a breach of a legal or equitable duty, which, irrespective of the moral guilt or the valid reason, the law declares fraudulent because of its tendency to deceive others, and intent to deceive is not an essential element of constructive fraud. *Davis v. Davis,* 291 Ark. 473, 725 S.W.2d 845

---

**3.** In *Watson, supra,* our supreme court discussed the modification of Rule 60 since *Taylor, supra,* was decided and concluded that the language in *Taylor* stating that "where an order is entered by the court in error, it is not a clerical error," was not affected by the amendment to Rule 60. *Watson,* 372 Ark. at 60, 270 S.W.3d at 829.

(1987). Appellees also cite *Hyden v. Circuit Court of Pulaski County*, 371 Ark. 152, 264 S.W.3d 493 (2007),[4] where a mistaken misrepresentation by the adverse party to the trial court resulted in a dismissal, and the trial court correctly vacated its dismissal based on misrepresentation.

We disagree with appellees' contention regarding misprision. The trial court signed a dismissal order prior to any alleged wrongdoing on the circuit clerk's part. Because of the trial court's mistake, relief from that judgment could only have been found through Rule 60(a), within ninety days of entry of the dismissal order. To vacate the trial court's order after ninety days based on the circuit clerk's failure to close the case after the dismissal order was filed would be a misapplication of the rule.

Reversed.

WYNNE and GRUBER, JJ., agree.

**4.** We note that both *Hyden* and *Davis* dealt with Rule 60(c)(4), which allows for a vacation of judgment based on misrepresentation or fraud by an adverse party.